Argued and submitted March 13, convictions affirmed; remanded for resentencing May 21, petition for review denied July 29, 1997 (325 Or 621)

# STATE OF OREGON,
*Respondent,*

*v.*

# ERNEST CLEVELAND, III,
*Appellant.*

## (94C21281; CA A89874)

939 P2d 94

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

In this criminal case, defendant appeals from a judgment convicting him of two counts of manslaughter I with a firearm, ORS 163.095 (lesser included offense); ORS 161.610, burglary I with a firearm, ORS 164.225; ORS 161.610, and robbery I with a firearm, ORS 164.415; ORS 161.610. We affirm his convictions without discussion but remand for resentencing.

At sentencing, the trial court merged defendant's manslaughter convictions and sentenced him under gridblock 10-G. It imposed a presumptive sentence of 68 months' incarceration and 36 months' post-prison supervision. The trial court placed both the burglary I and robbery I convictions in gridblock 9-G and imposed presumptive sentences of 39 months' incarceration and 36 months' post-prison supervision on each. Furthermore, under the "firearm minimum" statute, ORS 161.610, the trial court imposed a 60-month term of incarceration on each of defendant's three convictions. Finally, the trial court ordered that the manslaughter and burglary sentences be served consecutively, with the sentence for robbery running concurrently.

Although defendant failed to object when the trial court imposed more than one firearm minimum sentence, he asks that we exercise our discretion to review the additional sentences as an error of law apparent on the face of the record, ORAP 5.45(2). The state concedes that the trial court erred in applying ORS 161.610 to all of defendant's convictions, *State v. Hardesty*, 298 Or 616, 695 P2d 569 (1985); *State v. Dam*, 111 Or App 15, 825 P2d 286, *rev den* 313 Or 300 (1992), but argues that we should not review the unpreserved error because defendant cannot show any harm.

Specifically, defendant argues that the trial court's error unlawfully increases the overall term of his incarceration by 21 months and that he will be forced to file for post-conviction relief unless we vacate two of the "firearm minimum" enhancements here. Thus, he argues we should review the error here in the interests of "the conservation of judicial and indigent defense resources." The state responds that there is no error because the trial court *could* arrive at the

exact same total term of incarceration—128 months—by simply removing the 60-month enhancement from the manslaughter and robbery convictions.

■ ■  We reject the state's argument. The trial court exceeded its authority in entering more than one firearm minimum sentence and thereby imposed an illegal sentence. Even before the legislature enacted the Post-Conviction Hearing Act, ORS 138.510 to ORS 138.687, it was well established that a prisoner subjected to an illegal sentence is entitled to post-conviction relief. *See, e.g., Landreth v. Gladden,* 213 Or 205, 222-223, 324 P2d 475 (1958) (in habeas corpus proceeding enhanced sentence deemed in excess of power of the court to impose). In such cases, the proper remedy is to remand to the trial court for the imposition of a lawful sentence. *Id.* We see no reason, and the state offers none, as to why defendant should be made to jump through more procedural hoops before he can get the relief to which he is entitled. In this case, we are in a position to order the same relief to which defendant would be entitled under a post-conviction proceeding, and we do so in the interests of judicial economy. The trial court's imposition of an enhanced sentence under ORS 161.610 on each of defendant's multiple simultaneous convictions constitutes an error of law apparent on the face of the record. *See generally State v. Jones,* 129 Or App 413, 415-16, 879 P2d 881 (1994). We exercise our discretion to review the error in the interests of judicial economy.[1]

We therefore remand the entire case for resentencing. ORS 138.222(5).

Convictions affirmed; remanded for resentencing.

---

[1] Effective September 9, 1995, the legislature amended ORS 138.083 to expand the trial court's authority to correct any erroneous terms in the judgment it renders. Here, the judgment was entered August 4, 1995, so the statutory remedy was not available to defendant.