Argued and submitted August 13, convictions affirmed; remanded for resentencing
December 17, 1997

# STATE OF OREGON,
*Respondent,*

*v.*

# DARYL WAYNE LANGDON,
*Appellant.*

(95-04-32422; CA A94048)

950 P2d 410

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Defendant appeals from a judgment of conviction and sentence for two counts of first-degree kidnapping, ORS 163.235 (Counts 1 and 2), one count of first-degree unlawful sexual penetration, ORS 163.411 (Count 3), two counts of attempted first-degree sodomy, ORS 163.405 (Counts 4 and 5), one count of first-degree sexual abuse, ORS 163.427 (Count 6), and one count of fourth-degree assault, ORS 163.160 (Count 7). He challenges the constitutionality of Ballot Measure 11, argues that the trial court erred in imposing post-prison supervision (PPS) terms on the first six counts and challenges the trial court's ruling that the limitation imposed on consecutive sentences under the sentencing guidelines does not apply in the sentencing of groups of felonies that include crimes listed in ORS 137.700.[1] We review for errors of law, *State v. Cook*, 108 Or App 576, 582, 816 P2d 697 (1991), *rev den* 312 Or 588 (1992), and remand for resentencing.

Following his indictment, defendant filed a series of demurrers that, among other things, challenged the constitutionality of Ballot Measure 11. The court denied those demurrers on their merits.[2] On March 1, 1996, defendant was convicted. His convictions on Counts 1, 2, 3 and 6 are subject to both the sentencing guidelines and Ballot Measure 11. The trial court imposed Ballot Measure 11 sentences of 90 months each on Counts 1 and 2, 100 months on Count 3, and 75 months on Count 6. ORS 137.700(2)(h), (n) and (p). It imposed presumptive, 17-month guidelines sentences on each of Counts 4 and 5 and ordered the sentences on Counts 2, 3, 5 and 6 to be served consecutively for a total incarceration term of 282 months. The court also imposed PPS terms on the first six counts.[3]

---

[1] ORS 137.700 is the codification of Ballot Measure 11, which was adopted by the voters in 1994. In this opinion, we use the terms Ballot Measure 11 and ORS 137.700 interchangeably.

[2] Defendant subsequently sought mandamus relief from the Supreme Court. but his petition was denied.

[3] After the notice of the appeal in this case was filed, the parties stipulated to an amended judgment that removed erroneous gun minimum sentences from Counts 2 through 6. *See State v. Cleveland*, 148 Or App 97, 100, 939 P2d 94, *rev den* 325 Or 621 (1997) (trial court exceeded its authority in entering more than o.

On appeal, defendant renews his constitutional challenges to Ballot Measure 11. Those challenges have been rejected by the Supreme Court. *State ex rel Huddleston v. Sawyer*, 324 Or 597, 609-30, 932 P2d 1145, *cert den* ____ US ____, 118 S Ct 557, 139 L Ed 2d 399 (1997).

■ Defendant also assigns error to the trial court's imposition of PPS terms on three of the four consecutive sentences, although he concedes that the alleged error is not preserved. We may review an unpreserved sentencing error only if it does not involve discretionary and factual determination and if the defendant shows that the legal errors are errors apparent on the face of the record. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). A facially apparent error is obvious and not reasonably in dispute. *State v. Farmer*, 317 Or 220, 224, 856 P2d 623 (1993). In this case, whether a PPS term may be imposed on each consecutive sentence is reasonably disputed by the parties. Consequently, defendant's claim of error is neither apparent nor reviewable.

We turn to defendant's final assignment of error. He argues that the trial court erred in ordering the sentences on Counts 2, 3, 5 and 6 to run consecutively, because their consecutive total of 282 months violates the guidelines limitation on consecutive sentences.[4] According to defendant:

---

firearm minimum sentence). The stipulated amended judgment was entered on September 16, 1997, pursuant to ORS 138.083, which allows the trial court to correct any erroneous terms in the judgments it enters. Because the amended judgment does not necessitate modification of the appeal, we decide the issues as originally briefed and argued.

[4] Defendant does not argue that consecutive terms were imposed erroneously under ORS 137.123(5), which provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or conduct."

"[T]he guidelines limit the duration of the total consecutive presumptive sentence to 200 percent of the presumptive maximum of the primary offense. The guidelines limit the duration of the total consecutive departure sentence to 400 percent of the presumptive maximum of the primary offense. Measure 11 does not amend these limitations. Therefore, the limitations of the guidelines' 200 and 400 percent rules apply in the sentencing of groups of felonies which include Measure 11 crimes.

"Because of these rules' application, the court cannot run their sentences consecutively, to the extent that any presumptive sentences in the group would exceed the guidelines' 200 percent limitation. It can only run them concurrently. Similarly, the court cannot run their sentences consecutively, to the extent that any sentences in the group would exceed the guidelines' 400 percent limitation. It can only run them concurrently."

According to defendant, the maximum term to which he could be sentenced is 240 months.[5] The state acknowledges that the 282-month sentence exceeds the guidelines limitation on consecutive sentences but argues that nothing in the relevant statutes or rules precludes a sentencing court from imposing a Ballot Measure 11 sentence or otherwise limiting the length of a consecutive Ballot Measure 11 sentence. Our task is to determine the applicability of guidelines limitations on consecutive sentences that include both statutorily mandated and presumptive sentences and to attempt to harmonize conflicts between Ballot Measure 11 and the guidelines to give effect to both. *Huddleston*, 324 Or at 603; *see also State v. Lewis*, 150 Or App 257, 260, 945 P2d 661 (1997) (same).

In interpreting statutes, laws adopted by initiative and administrative rules, we must discern the intent of the legislature and the voters. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 612 n 4, 859 P2d 1143 (1993). The first level of analysis is text and context, which is subject

---

[5] Defendant argues that, pursuant to the 400 percent rule, the maximum sentence permitted under the sentencing guidelines is 240 months. However, the 400 percent rule applies only when the consecutive sentences include a departure sentence. None of defendant's sentences is a departure sentence. Only the 200 percent rule could be applicable to defendant's sentence.

to statutory rules of construction. *Id*. at 610-11. We must construe statutes on the same subject as consistent and in harmony with one another, ORS 174.010; *Huddleston*, 324 Or at 603; *Davis v. Wasco IED*, 286 Or 261, 272, 593 P2d 1152 (1979), and construe relevant statutes so as to give effect to all. ORS 174.010; *Kessler v. Board of Parole*, 145 Or App 584, 589, 931 P2d 801 (1997). If the intent of the statute or law is clear from the text and context, further analysis is unnecessary. *PGE*, 317 Or at 611.

The sentencing dispute in this case involves ORS 137.121, ORS 137.700 and OAR 213-012-0020(2), adopted pursuant to ORS 137.667 and ORS 137.669.[6] ORS 137.121 provides:

> *"Notwithstanding any other provision of law*, but subject to ORS 161.605, *the maximum consecutive sentences which may be imposed for felonies* committed on or after November 1, 1989, whether as terms of imprisonment, probation or both, *shall be as provided by rules of the Oregon Criminal Justice Commission."*

(Emphasis supplied.) ORS 137.700 provides, in part:

> "(1) When a person is convicted of one of the offenses listed in subsection (2) of this section and the offense was committed on or after April 1, 1995, the court shall impose, and the person shall serve, at least the entire term of imprisonment listed in subsection (2) of this section. The person is not, during the service of the term of imprisonment, eligible for release on post-prison supervision or any form of temporary leave from custody. *The person is not eligible for any reduction in the sentence for any reason whatsoever* under ORS 421.120, 421.121 *or any other statute.*

---

[6] ORS 137.667 provides, in part:

"The Oregon Criminal Justice Commission may adopt by majority vote of all of its members amendments to the sentencing guidelines * * *. The commission shall submit the amendments to the Legislative Assembly for its approval."

ORS 137.669 provides, in part:

"The guidelines adopted by the Oregon Criminal Justice Commission and approved by the Legislative Assembly under ORS 137.667, together with any amendments, supplements or repealing provisions enacted by the Legislative Assembly, shall control the sentences for all crimes committed after the effective date of such guidelines."

The court may impose a greater sentence if otherwise permitted by law, but may not impose a lower sentence than the sentence specified in subsection (2) of this section."

(Emphasis supplied.) OAR 213-012-0020 provides, in part:

"(2)(a) Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

"(A) The presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure for the primary offense, as defined in OAR 213-003-0001(17); and

"(B) Up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively.

"(b) The total incarceration term of the consecutive sentences, including the incarceration term for the primary offense, *shall not exceed twice the maximum presumptive incarceration term* or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure of the primary sentence except by departure as provided by OAR 213-008-0007."[7]

(Emphasis supplied.)

■ ORS 137.700 does not expressly address the issue of consecutive sentences or the application of ORS 137.121 to consecutive sentences that include Ballot Measure 11 sentences. Neither does OAR 213-012-0020(2) expressly impose a durational limitation on consecutive, statutorily mandated, minimum sentences. That rule addresses only consecutive sentences that involve presumptive or dispositional departure sentences. Under the sentencing guidelines, a statutorily mandated sentence is neither a presumptive nor a departure sentence. *Huddleston*, 324 Or at 603. Because Ballot Measure 11 sentences are mandatory sentences, they are

---

[7] OAR 213-008-0007 provides, in part:

"(3) When a departure sentence is imposed for any individual offense sentenced consecutively, the incarceration term of that departure sentence *shall not exceed twice the maximum incarceration term that may be imposed for that offense as provided in OAR 213-012-0020(2)(a)*."

(Emphasis supplied.)

not subject to the 200/400 percent limitation of OAR 213-012-0020. If the Ballot Measure 11 sentences imposed by the trial court here were subject to OAR 213-012-0020, the terms of imprisonment would be reduced and the offender would not serve the entire term of imprisonment as required by the statute. *See* ORS 137.637 ("When a determinate sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the determinate sentence or the sentence as provided by [the guidelines], whichever is longer.").

■ When, as here, a consecutive sentence includes both statutorily mandated and presumptive sentences, the plain language of the statutes creates a conflict between ORS 137.700, ORS 137.121 and the application of OAR 213-012-0020. However, the provisions can be harmonized. Although the sentences for Ballot Measure 11 offenses are not subject to the guidelines consecutive sentence limits, the non-Ballot Measure 11 offenses are subject to those limits. *See* ORS 137.121 ("the maximum consecutive sentences which may be imposed for felonies * * * shall be as provided by" guidelines rules). Accordingly, the calculation for the maximum incarceration that may be imposed on offenses that are not subject to Ballot Measure 11 must be made under the presumptive and dispositional departure terms of the guidelines. OAR 213-012-0020(1), (2).

■ ■ It follows that, in cases involving consecutive sentences that include incarceration imposed under Ballot Measure 11, the court first must impose sentences on each of those counts under the sentencing guidelines or Ballot Measure 11, whichever imposes at least the mandatory minimum prescribed by the Ballot Measure 11 sentence. ORS 137.700(1). The sum of the Ballot Measure 11 sentences imposed consecutively is the minimum sentence that must be imposed. The court then must calculate the maximum presumptive term available for all of the felony offenses under the guidelines rules. If, under that calculation, the sum of the Ballot Measure 11 sentences exceeds the maximum available term of incarceration calculated under OAR 213-012-0020, the court may not impose additional consecutive terms of incarceration on the offenses that are not subject to Ballot Measure 11.

 In this case, the trial court imposed consecutive sentences on Counts 2, 3 and 6, which are subject to Ballot Measure 11, and Count 5, which is subject to the sentencing guidelines. The Ballot Measure 11 portion of the consecutive sentences is 265 months. The guidelines limitation on defendant's consecutive sentences is 120 months because Count 3, the primary offense, has a guideline presumptive maximum of 60 months, and, under the 200 percent rule, the length of defendant's incarceration for his consecutive sentences cannot exceed twice the length of the presumptive maximum for the primary offense. Because the Ballot Measure 11 portion of the consecutive sentence exceeds the limitation under the sentencing guidelines, the trial court erred in adding the presumptive, 17-month guidelines sentence on Count 5 to the total term of defendant's incarceration.

Convictions affirmed; remanded for resentencing.