## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY ROSS MCELROY,
*Appellant.*

## (C962716CR; CA A97260)

984 P2d 862

Walter J. Ledesma, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

Defendant appeals, raising seven assignments of error to various aspects of the court's imposition of sentence. We reject without discussion all but defendant's third and seventh assignments of error, which concern the trial court's imposition of a consecutive sentence on count 9 (burglary in the first degree). We conclude that, because of the operation of the "400 percent rule," OAR 213-008-0007, the court erred in imposing a consecutive, rather than concurrent, sentence on that count. *State v. Langdon*, 151 Or App 640, 646-47, 950 P2d 410 (1997), *rev allowed* 327 Or 431 (1998); *State v. Quintero*, 160 Or App 614, 982 P2d 543 (1999).[1] Accordingly, we reverse and remand for resentencing. ORS 138.222(5).

Defendant was convicted, after pleading guilty or no contest, to charges of rape in the first degree, ORS 163.375 (count 1); sodomy in the first degree, ORS 163.405 (count 3); unlawful sexual penetration, ORS 163.411 (count 5); kidnaping in the first degree, ORS 163.235 (count 7); and sexual abuse in the first degree, ORS 163.427 (count 14); all of which are Ballot Measure 11 offenses, as well as burglary in the first degree, ORS 164.225 (count 9), a guidelines offense. The rape, sodomy, unlawful sexual penetration, and kidnaping counts all fall within gridblock 10-C; the sex abuse count falls within gridblock 8-C; and the burglary falls within gridblock 9-C. The court first imposed sentence on the burglary, imposing a departure sentence of 120 months. The court then imposed, consecutive to that sentence, consecutive sentences on each of the Ballot Measure 11 offenses, totaling 465 months, and yielding a total sentence of 585 months.

■ *Quintero* describes our process in addressing defendant's arguments based on the application of the 400 percent rule:

> "First, the court should determine the mandatory minimum sentence for the Measure 11 offenses. Next, it should determine the maximum term available for all of the felony offenses under the guidelines rules, using the 400 percent rule. If the guideline maximum is less than the mandatory minimum, the court must impose the mandatory minimum

---

[1] Here, unlike in *Quintero*, defendant's present challenges were fully preserved.

for the Measure 11 offenses and impose concurrent sentences on the others. If the guideline maximum is higher, the court has more discretion. '[T]he court must impose the mandatory minimum, but may impose guideline sentences up to the amount allowable under the * * * 400 percent rule * * *.' " 160 Or App at 618-19 (quoting *State v. Skelton*, 153 Or App 580, 591, 957 P2d 585, *rev den* 327 Or 488 (1998)).

■ Here, the mandatory minimums on the Measure 11 sentences totaled 465 months. Under the 400 percent rule, the guidelines maximum is 400 percent of the maximum presumptive sentence on the "primary offense," *i.e.*, "the offense of conviction with the highest crime seriousness ranking." OAR 213-003-0001(17). The highest crime seriousness ranking for any of the offenses for which defendant was convicted was 10-C; the presumptive maximum sentence for gridblock 10-C is 115 months. Thus, the guidelines maximum would be 460 months. Because the 465 months imposed on the Measure 11 offenses exceeded that maximum, the court erred in imposing a consecutive, rather than concurrent, sentence on the non-Measure 11 burglary count. *Quintero*, 160 Or App at 619-20.[2]

Reversed and remanded for resentencing; otherwise affirmed.

---

[2] Here, as in *Quintero*, the state argues that the issue is materially different from that in *Langdon* because "[h]ere, unlike in *Langdon*, the non-Measure 11 conviction at issue is based on the *first* crime the defendant committed during the criminal episode." (Emphasis in original.) As in *Quintero*, we reject that argument: "The result in *Langdon* did not depend on the order of sentencing the offenses." *Quintero*, 160 Or App at 619.