Argued and submitted May 29, affirmed August 28, 2002

STATE OF OREGON,
*Respondent,*

*v.*

CHRISTOPHER EARL YOUNG,
aka Steven Paul Boiley,
*Appellant.*

9803-32414; A111910

52 P3d 1102

Sidney A. Galton (counts on appeal) and Edward J. Jones, Judges.

Daniel M. Carroll, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

DEITS, C. J.

**DEITS, C. J.**

Defendant was convicted of theft in the first degree, ORS 164.055, burglary in the second degree, ORS 164.215, and criminal mischief in the first degree, ORS 164.354. The trial court merged the theft and burglary convictions and sentenced defendant to a 13-month incarceration term under ORS 137.717 (1997). The trial court also imposed a 13-month incarceration term under ORS 137.717 (1997) on defendant's criminal mischief conviction. The court ordered the sentences to be served consecutively. On appeal, defendant challenges the imposition of consecutive sentences by the trial court. We review for errors of law, ORS 138.220; *State v. Warren*, 168 Or App 1, 5, 5 P3d 1115, *rev den* 330 Or 412 (2000), and affirm.

Defendant argues that the trial court's imposition of two 13-month consecutive terms of incarceration exceeded the sentence allowed by law, because the sentences violate the limitations on consecutive sentences in the sentencing guidelines. Specifically, defendant contends that the sentences do not comply with the shift-to-Column-I provision in OAR 213-012-0020(2)(a), nor do they comply with the 200-percent limitation of OAR 213-012-0020(2)(b).[1]

As noted above, the sentences at issue here were imposed pursuant to the repeat property offenders statute, ORS 137.717 (1997), which requires a minimum sentence of 13 months for certain designated property crimes under specified circumstances. As pertinent here, ORS 137.717 (1997) provides:

---

[1] OAR 213-012-0020(2) provides, in part:

"(a) Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

"(A) The presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure for the primary offense, as defined in OAR 213-003-0001(17); and

"(B) Up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively.

"(b) The total incarceration term of the consecutive sentences, including the incarceration term for the primary offense, shall not exceed twice the maximum presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure of the primary sentence except by departure as provided by OAR 213-008-0007."

"(1)   When a court sentences a person convicted of:

"* * * * *

"(c)   Theft in the first degree under ORS 164.055, aggravated theft in the first degree under ORS 164.057, burglary in the second degree under ORS 164.215 or criminal mischief in the first degree under ORS 164.365, *the court shall sentence the person to a term of at least 13 months of incarceration* if the person has:

"* * * * *

"(B)   Four previous convictions for any combination of the crimes listed in subsection (2) of this section."[2] (Emphasis added.)

The authority of the court to impose a sentence other than the 13-month sentence designated in ORS 137.717(1) (1997) is delineated in subsection (3) of the statute. It provides:

"The court may impose a sentence *other than the sentence provided by subsection (1)* of this section if the court imposes:

"(a)   A longer term of incarceration that is otherwise required or authorized by law; or

"(b)   A departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons." (Emphasis added.)

Defendant acknowledges that his convictions and criminal history come within ORS 137.717 (1997) and that, under the statute, the 13-month terms of incarceration for defendant's convictions would be proper. He contends, however, that the sentencing guidelines limit the extent to which the sentences required by ORS 137.717 (1997) may be imposed consecutively. Defendant argues that, under the applicable guideline rules, the 26-month total incarceration

---

[2] The 1997 version of ORS 137.717 is applicable here. The current version of ORS 137.717 provides that, when a defendant's convictions satisfy the criteria set out in ORS 137.717, the "presumptive sentence" is a certain time period "unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence." It is unnecessary to decide the effect of that statutory amendment on the issue presented here.

term imposed by the trial court exceeds the limits on consecutive sentences. Specifically, defendant asserts that the 200-percent rule of OAR 213-012-0020(2)(b) limits the presumptive term of incarceration to 24 months. He explains:

> "As a 3-E offender on the primary offense, defendant was subject to a presumptive probationary sentence. OAR 213-005-0007. The maximum dispositional departure allowed for a 3-E offender is 12 months. OAR 213-008-0005(1). Irrespective of the incarceration period mandated by the repeat property offender statute, the 200 percent rule limits the presumptive incarceration term of defendant's sentences to twice the dispositional departure maximum, *i.e.*, 24 months, on the primary offense. OAR 213-012-0020(2)(b)."

Defendant also contends that, under the shift-to-Column-I rule of OAR 213-012-0020(2)(a), the presumptive total incarceration term for defendant's convictions is 14 months. According to defendant,

> "[u]nder the [shift-to-Column-I] rule, the presumptive incarceration term for defendant's consecutive sentences is the sum of the prison term imposed for the primary offense and the maximum jail sentence that could be imposed under Column I for the additional offense. *State v. Thomas*, 133 Or App 7[54], 894 P2d 496 (1995). Criminal mischief in the first degree is a level two offense for which the maximum jail sentence in Column I is 30 days. It therefore follows that defendant's presumptive consecutive incarceration term is 14 months."

If the above guideline rules apply, defendant's calculations appear to be correct. For the reasons that we will discuss, however, we do not agree with defendant that the limits in the guideline rules for imposition of consecutive sentences apply here. We begin our analysis by examining the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). The version of ORS 137.717 applicable in this case specifically provides that, if a defendant is convicted of one of the designated property crimes and has four previous convictions for other designated crimes, which defendant here has, "the court *shall* sentence the person to a term of at least 13 months of incarceration." (Emphasis added.)

In addition, as noted above, subsection (3) of the statute specifically designates the circumstances under which the court may impose a different sentence. ORS 137.717(3) (1997) provides that the court may impose a sentence other than the one designated in the statute only if a *longer* sentence is otherwise required or authorized by law or if the court imposes a departure sentence under the guidelines based on "findings of substantial and compelling reasons." Thus, the text of ORS 137.717 (1997) makes it clear that the specified sentences are to be imposed unless a different sentence is authorized by subsection 3. In this case, the statute requires that at least a 13-month term of incarceration be imposed for each of defendant's convictions. No other statute or regulation authorizes a longer sentence, and no departure findings were made.

The Supreme Court rejected an argument very similar to defendant's in *State v. Langdon*, 330 Or 72, 999 P2d 1127 (2000). The issue in *Langdon* was whether mandatory minimum sentences prescribed by Ballot Measure 11 (1994), were subject to the limitations on incarceration terms prescribed by the sentencing guidelines. Specifically, the question before the court in *Langdon* was whether the 400-percent rule, OAR 213-008-0007(3),[3] applied to limit the defendant's incarceration term imposed under Measure 11. The 400-percent rule provides a limit on incarceration terms when multiple sentences are imposed consecutively and include one or more departure sentences. The defendant in *Langdon* argued that the court's authority to impose Measure 11 sentences is limited by the 400-percent rule of the guidelines and that Measure 11 and the guidelines must be read together so as to carry out both provisions of law. The Supreme Court rejected the defendant's argument, holding that Measure 11 and the 400-percent rule are in conflict and cannot be harmonized. The court explained that the text of Measure 11 prohibits the reduction of a Measure 11 sentence

---

[3] OAR 213-008-0007(3) provides, in part:

"When a departure sentence is imposed for any individual offense sentenced consecutively, the incarceration term of that departure sentence shall not exceed twice the maximum incarceration term that may be imposed for that offense as provided in [the 200-percent rule]."

and that the 400-percent rule simply cannot be applied without resulting in the reduction of a Measure 11 sentence. Accordingly, the court concluded that the guidelines rule and Measure 11 conflict and that, as the later-enacted statute, Measure 11 prevails. *Id*. at 84.

Defendant argues that the reasoning of *Langdon* is not applicable here. The distinction that defendant makes between this case and *Langdon* is that the rule at issue in *Langdon*, the 400-percent rule, governs the calculation of sentences for *each* of the defendant's convictions. Defendant asserts that, in contrast, the guidelines provisions at issue here, the 200-percent rule and the shift-to-Column-I rule, limit the *total* incarceration term when consecutive sentences are imposed. Defendant is correct in his characterization of the two rules. However, despite this difference, the logic behind the holding in *Langdon* has some application here.

As with Measure 11, ORS 137.717 (1997) requires the trial court to impose a specified minimum sentence. Accordingly, as was true in *Langdon*, calculation of defendant's sentence using the guideline rules that defendant asserts are applicable is inconsistent with ORS 137.717 (1997). The 200-percent rule and the shift-to-Column-I rule require that the calculation of defendant's incarceration term begin with defendant's *presumptive sentence under the guidelines*. Using a defendant's presumptive sentence under the guidelines to calculate the defendant's sentence is in direct conflict with the requirement of ORS 137.717 (1997) that a defendant coming within that statute *shall* be sentenced to the minimum term of incarceration specified in the statute. As we held in *State v. Bagley*, 158 Or App 589, 595, 976 P2d 75 (1999), ORS 137.717 (1997) should not be read as an amendment of the sentencing guidelines that creates new presumptive sentences. In *Bagley*, we explained that the only circumstance in which the legislature indicated that the guidelines may affect the minimum sentences of ORS 137.717 (1997) is specified in ORS 137.717(3)(b) (1997). *Id*. As discussed above, that subsection allows a sentence other than the one designated in the statute to be imposed only if the court finds substantial and compelling reasons to impose a departure under the guidelines or if a longer sentence is

required or authorized by law. Neither of those circumstances is present here.

In summary, there is nothing in the text or context of ORS 137.717 (1997) that requires the court, in imposing those statutory minimum sentences, to comply with the limits on consecutive sentences in the guidelines. As we explained in *Bagley*, the only ways in which the legislature intended for the sentencing requirements of ORS 137.717 (1997) to be superceded are specified in subsection (3) of the statute. To the extent that there is a conflict between the requirements of ORS 137.717 (1997) and the requirements of the guidelines, ORS 137.717 (1997) must prevail. That conclusion is further supported by ORS 137.637, which provides:

> "When a determinate sentence of imprisonment is *required or authorized by statute*, the sentence imposed shall be the determinate sentence or the sentence as provided by the rules of the Oregon Criminal Justice Commission, *whichever is longer*." (Emphasis added.)

We conclude that the trial court did not err in imposing consecutive 13-month sentences for defendant's convictions.

Affirmed.