Submitted January 28, affirmed April 13, petition for review denied
August 18, 2011 (350 Or 573)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SILVESTRE CERVANTES-AVILA,
*Defendant-Appellant.*

Washington County Circuit Court
C082678CR; A142481

255 P3d 536

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Michael R. Washington,

Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant was convicted of, among other offenses, rape in the first degree with a firearm (Count 1), ORS 163.375; sodomy in the first degree with a firearm (Count 2), ORS 163.405; and unlawful use of a weapon (Count 3), ORS 166.220. Defendant was sentenced to two consecutive terms of 100 months' imprisonment on Counts 1 and 2 under ORS 137.700 (Ballot Measure 11), and to 60 months' imprisonment on Count 3 under the "gun minimum" statute, ORS 161.610. Defendant appeals, arguing that the trial court erred by imposing the 60-month gun minimum sentence consecutively to the Measure 11 sentences, because doing so resulted in a total incarcerative term of 260 months, in violation of the 200 percent rule codified at OAR 213-012-0020(2). We affirm.

■    OAR 213-012-0020 establishes the "200 percent rule"; it provides, in part:

"(1)   When the sentencing judge imposes multiple sentences consecutively, the consecutive sentences shall consist of an incarceration term and a supervision term.

"(2)(a)   Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

"(A)   The presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure for the primary offense, as defined in OAR 213-003-0001(17); and

"(B)   Up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively.

"(b)   The total incarceration term of the consecutive sentences, including the incarceration term for the primary offense, shall not exceed twice the maximum presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure of the primary sentence except by departure as provided by OAR 213-008-0007."

As we explained in *State v. Langdon*, 151 Or App 640, 646, 950 P2d 410 (1997), *aff'd*, 330 Or 72, 999 P2d 1127

(2000), OAR 213-012-0020(2) "addresses only consecutive sentences that involve presumptive or dispositional departure sentences. Under the sentencing guidelines, a statutorily mandated sentence is neither a presumptive nor a departure sentence." Accordingly, we held that, "[b]ecause Ballot Measure 11 sentences are mandatory sentences, they are not subject to the 200/400 percent limitation of OAR 213-012-0020." *Id.* at 646-47.

■         Defendant does not dispute that his Measure 11 sentences are controlled by *Langdon*; rather, he argues that, because a "gun minimum" sentence is not a statutorily mandated sentence, it is subject to the 200 percent rule, and the trial court erred by imposing such a sentence consecutively to the Measure 11 sentences. The "gun minimum" sentence is set out in ORS 161.610, which provides, in part:

> "(3)   Notwithstanding the provisions of ORS 161.605 or 137.010 (3) and except as otherwise provided in subsection (6) of this section, if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. * * *

> "(4)   The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

> "(a)   Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years * * *.

> "* * * * *

> "(5)   If it is the first time that the defendant is subject to punishment under this section, rather than impose the sentence otherwise required by subsection (4)(a) of this section, the court may:

> "* * * * *

> "(b)   For felonies committed on or after November 1, 1989, impose a lesser sentence in accordance with the rules of the Oregon Criminal Justice Commission."

Defendant argues that, because his conviction for unlawful use of a weapon was the "first time that [he was] subject to punishment under" ORS 161.610, the trial court had discretion to impose a lesser sentence than the mandatory 60 months' imprisonment term required by ORS 161.610(4)(a). It follows, defendant reasons, that his "gun minimum" sentence was not a "mandatory minimum" sentence and, thus, is subject to the 200 percent rule of OAR 213-012-0020(2). We disagree.

In *State v. Johnson*, 125 Or App 655, 658, 866 P2d 1245 (1994), we held that "a gun minimum sentence is not a presumptive guidelines sentence[,] [i]t is a mandatory term." That conclusion followed from the legislature's use of the term "shall" in ORS 161.610(3), which requires a sentencing court to "impose at least the minimum term of imprisonment as provided in subsection (4) of this section." That the court could, in some circumstances, impose a guidelines sentence pursuant to ORS 161.610(5)(b) is beside the point; the court did not do so in this case. Accordingly, because the 60-month sentence under ORS 161.610(4)(a) is a mandatory minimum sentence, the trial court did not violate OAR 213-012-0020(2) by imposing that sentence consecutively to defendant's Measure 11 sentences on Counts 1 and 2.

Affirmed.