Argued and submitted February 22, affirmed April 4, petition for review denied August 16, 2012 (352 Or 341)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES DAVID HICKS,
*Defendant-Appellant.*

Lane County Circuit Court
201000578A; A145106

275 P3d 195

Jonah Morningstar, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jeremy C. Rice, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Presiding Judge, and Gillette, Senior Judge.

BREWER, P. J.

**BREWER, P. J.**

Defendant appeals from his convictions for second-degree burglary, ORS 164.215, and first-degree criminal mischief, ORS 164.365. He raises two assignments of error, the first of which we reject without discussion. In his second assignment of error, defendant challenges the sentences that the trial court imposed under ORS 137.717(1)(b) (2009).[1] The presumptive sentence for each conviction was 13 months' imprisonment. The court imposed the maximum durational departure sentence on each conviction—26 months' imprisonment—under ORS 137.717(3)(b) (2009), and provided that those sentences be served consecutively, for a total of 52 months' incarceration. Defendant argues that the court erred by imposing a total of 52 months' incarceration because his sentence for each offense was a "presumptive sentence" under ORS 137.717(1)(b) (2009), and that, because the court imposed the two sentences consecutively, the court was obliged to apply the "shift-to-I"[2] rule in the Oregon Sentencing Guidelines that applies to consecutive "presumptive sentences." The application of that rule, defendant asserts,

---

[1] ORS 137.717(1)(b) (2009), effective at the time of defendant's sentencing, provided, in part:

"(1)  When a court sentences a person convicted of:

"* * * * *

"(b)  * * * [B]urglary in the second degree under ORS 164.215, [or] criminal mischief in the first degree under ORS 164.365[,] * * * the presumptive sentence is 13 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence[.]

"* * * * *

"(3)  The court may impose a sentence other than the sentence provided for by subsection (1) of this section if the court imposes:

"* * * * *

"(b)  A departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons. Unless the law or the rules of the Oregon Criminal Justice Commission allow for imposition of a longer sentence, the maximum departure allowed for a person sentenced under this subsection is double the presumptive sentence provided in subsection (1) of this section."

[2] The "shift-to-I" rule is contained in OAR 213-012-0020, which provides:

"(1)  When the sentencing judge imposes multiple sentences consecutively, the consecutive sentences shall consist of an incarceration term and a supervision term.

"(2)(a)  Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

would have resulted in a substantially shorter term of incarceration.[3] We affirm.

Defendant broke into a restaurant and damaged property. For that conduct, he was indicted for second-degree burglary and first-degree criminal mischief; he pleaded guilty to both offenses. At the sentencing hearing, the prosecutor argued that, in light of defendant's extensive criminal history, which included multiple convictions for burglary, the proper sentence on each count was 13 months' imprisonment, which is the presumptive sentence prescribed by the repeat property offender statute, ORS 137.717(1)(b) (2009). The prosecutor asked the court to impose upward departure sentences of 26 months' imprisonment for each conviction, as provided by ORS 137.717(3)(b) (2009), and to impose the sentences consecutively, for a total of 52 months' imprisonment.

Defendant replied that, because the 13-month sentence was the "presumptive sentence" under ORS 137.717(1)(b) (2009), the "shift-to-I" rule also was applicable to his sentence. Thus, defendant argued, the proper sentence on his conviction for criminal mischief was "10 days under Gridblock 3-I," if that sentence were imposed consecutively to his conviction for second-degree burglary. The sentencing court rejected defendant's argument and concluded that the 13-month presumptive sentence under ORS 137.717(1)(b) (2009) applied to both convictions. As noted, the court then imposed the maximum durational departure under ORS 137.717(3)(b) (2009) on each conviction, and it imposed the sentences consecutively for a total of 52 months' imprisonment. This appeal followed.

---

"(A) The presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure for the primary offense, as defined in OAR 213-003-0001(17); and

"(B) Up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively."

[3] The "shift-to-I" rule applies when a defendant is sentenced, under the Oregon Sentencing Guidelines, for multiple felonies in the same proceeding. In that event, the defendant's true criminal history score is used in assessing the grid block for imposing sentence on the primary offense (and any other offenses for which sentences will run concurrently). OAR 213-012-0020(2)(a)(A). For additional offenses for which consecutive sentences will be imposed, the court is required to use the criminal history score "I." OAR 213-012-0020(2)(a)(B).

Defendant renews his argument on appeal. He reasons that, because the 13-month sentence under ORS 137.717(1)(b) (2009) is designated as a "presumptive sentence," the administrative rules applicable to presumptive sentences contained in the Oregon Sentencing Guidelines, including the "shift-to-I" rule, apply to sentences under ORS 137.717(1)(b) (2009). Defendant acknowledges that we rejected a similar argument in *State v. Young*, 183 Or App 400, 52 P3d 1102 (2002). However, defendant argues that amendments to ORS 137.717(1)(b) in 1999—in particular, the deletion of the phrase "the court shall sentence" and its replacement with the term "presumptive sentence"—have undercut our holding in *Young*.[4]

As we explained in *State v. Langdon*, 151 Or App 640, 646, 950 P2d 410 (1997), *aff'd*, 330 Or 72, 999 P2d 1127 (2000), OAR 213-012-0020(2), the "shift-to-I" rule, "addresses *only* consecutive sentences that involve presumptive or dispositional departure sentences. Under the sentencing guidelines, a statutorily mandated sentence is neither a presumptive nor a departure sentence." (Emphasis added.) Thus, if the 13-month sentence in ORS 137.717(1)(b) (2009), albeit described in the statute as a 'presumptive sentence,' is nonetheless a 'statutorily mandated sentence' for purposes of OAR 213-012-0020, then it is outside the scope of the 'shift-to-I' rule." In arguing that the presumptive sentence prescribed by ORS 137.717(1)(b) (2009) is not a statutorily mandated sentence, defendant relies on the absence of mandatory language such as the term "shall" in ORS 137.717(1)(b) (2009). In defendant's view, both *Young* and our recent opinion in *State v. Cervantes-Avila*, 242 Or App 122, 255 P3d 536, *rev*

---

[4] ORS 137.717(1)(b) (1997) provided, in pertinent part:

"(1) When a court sentences a person convicted of:

"* * * * *

"(b) [Certain designated offenses], the court shall sentence the person to a term of at least 13 months of incarceration[.]"

Following the 1999 amendments to the statute, ORS 137.717(1)(b) (1999) provided:

"(1) When a court sentences a person convicted of:

"* * * * *

"(b) [Certain designated offenses], the presumptive sentence is 13 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence[.]"

*den*, 350 Or 573 (2011), are distinguishable because both cases involved sentences under statutes that contained the term "shall"—that is, ORS 137.717(1)(b) (1997) in *Young* and ORS 161.610 in *Cervantes-Avila*.[5]

In *Young*, the defendant was convicted of second-degree burglary and first-degree criminal mischief, among other offenses. 183 Or App at 402. The trial court sentenced the defendant to a 13-month prison term on the burglary conviction under ORS 137.717 (1997), and it also imposed a 13-month prison term on the defendant's criminal mischief conviction under ORS 137.717 (1997). The court imposed the sentences consecutively. On appeal, the defendant challenged the imposition of consecutive sentences, arguing that the court should have applied the "shift-to-I" rule in determining the length of the consecutive sentence that it imposed on the criminal mischief conviction. *Id.*

In rejecting the defendant's argument, we noted two salient features of ORS 137.717 (1997). First, we noted the mandatory wording of ORS 137.717(1)(b) (1997)—that is— "the court *shall* sentence the person to a term of at least 13 months of incarceration." *Id.* at 404 (emphasis in original). Second, we referred to ORS 137.717(3) (1997), which provided:

> "The court may impose a sentence other than the sentence provided by subsection (1) of this section if the court imposes:

---

[5] ORS 161.610, the "Gun Minimum" statute, provides, in pertinent part:

"(3) Notwithstanding the provisions of ORS 161.605 or 137.010(3) and except as otherwise provided in subsection (6) of this section, if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. * * *"

In *Cervantes-Avila*, we concluded that, in light of the mandatory term "shall" in ORS 161.610(4)(a), the sentence provided for by that statute was a "statutorily mandated" sentence and, thus, was outside the scope of another provision of OAR 213-012-0020, the "200 percent rule." 242 Or App at 125. We rejected the defendant's argument that, because ORS 161.610(5)(b) afforded the sentencing court discretion to impose a lower sentence than the sentence mandated by ORS 161.610(4)(a), the sentence provided for in subsection (4)(a) was not "statutorily mandated." As we explained, "[t]hat the court could, in some circumstances, impose a guidelines sentence pursuant to ORS 161.610(5)(b) is beside the point; the court did not do so in this case." *Id.*

"(a)  A longer term of incarceration that is otherwise required or authorized by law; or

"(b)  A departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons."

ORS 137.717(3) (1997), we reasoned, "makes it clear that the specified sentences [in subsection (1)(b)] are to be imposed *unless* a different sentence is authorized by subsection 3." *Young*, 183 Or App at 405 (emphasis added). Because "no other statute or regulation authorize[d] a longer sentence, and no departure findings were made," we concluded that the 13-month sentences were required by ORS 137.717(1)(b) (1997). *Id.* As we explained,

"ORS 137.717 (1997) requires the trial court to impose a specified minimum sentence. Accordingly, as was true in *Langdon*, calculation of defendant's sentence using the guideline rules that defendant asserts are applicable is inconsistent with ORS 137.717 (1997). The 200-percent rule and the shift-to-Column-I rule require that the calculation of defendant's incarceration term begin with defendant's *presumptive sentence under the guidelines.* Using a defendant's presumptive sentence under the guidelines to calculate the defendant's sentence is in direct conflict with the requirement of ORS 137.717 (1997) that a defendant coming within that statute *shall* be sentenced to the minimum term of incarceration specified in the statute.

"As we held in *State v. Bagley*, 158 Or App 589, 595, 976 P2d 75 (1999), ORS 137.717 (1997) should not be read as an amendment of the sentencing guidelines that creates new presumptive sentences. In *Bagley*, we explained that the only circumstance in which the legislature indicated that the guidelines may affect the minimum sentences of ORS 137.717 (1997) is specified in ORS 137.717(3)(b) (1997). *Id.* As discussed above, that subsection allows a sentence other than the one designated in the statute to be imposed only if the court finds substantial and compelling reasons to impose a departure under the guidelines or if a longer sentence is required or authorized by law. Neither of those circumstances is present here."

*Id.* at 406-07 (emphasis in original). Thus, it was not merely the presence of mandatory text in ORS 137.717(1)(b) (1997)

that took the 13-month sentence out of the sweep of OAR 213-012-0020, but also the legislature's command, in ORS 137.717(3) (1997), that a 13-month sentence be imposed *unless* the court decided to impose a *longer* sentence that was otherwise authorized by law.

Defendant is correct that the legislature deleted the term "shall" from ORS 137.717(1)(b) in amending the statute in 1999. *See* Or Laws 1999, ch 1022 §§ 2, 4, 7 (1999). However, defendant misperceives the effect of that deletion, because the legislature did not alter the portion of ORS 137.717(3) (1997) that we relied on in *Young*.[6] The 2009 version of ORS 137.717(3) that applies to this case is virtually identical to the 1997 version of ORS 137.717(3) that we construed in *Young*.[7] Accordingly, ORS 137.717(3) (2009) required the sentencing court to impose the "presumptive sentence" under ORS 137.717(1)(b) (2009) *unless* the court decided to impose a *longer* sentence that was otherwise authorized by law. Because the 13-month sentence prescribed by ORS 137.717(1)(b) (2009) is a "statutorily mandated" sentence and, thus, is not within the scope of OAR 213-012-0020, the sentencing court did not err in declining to apply the "shift-to-I" rule when it imposed consecutive sentences in this case.

Affirmed.

---

[6] Although neither party proffered legislative history for our consideration, our review of the legislative history of the 1999 amendments to ORS 137.717 cuts against defendant's argument that those amendments were intended to bring the sentences provided by ORS 137.717(1)(b) under the aegis of OAR 213-012-0020. *See, e.g.*, Staff Measure Summary, House Committee on Judiciary, HB 2479A (Apr 26, 1999) (explaining that amendments were designed to address this court's decision in *Bagley* and to clarify that "the intent was for the sentence to be presumptive, and *not subject and inferior* to the Criminal Justice Commission rules (emphasis added)).

[7] The legislature did amend ORS 137.717(3)(a) and (3)(b), the provisions setting out the limitations on the other sentences that the court "may impose" if those sentences are longer than that provided for by ORS 137.717(1)(b). Those amendments have no bearing on the analysis here.