Submitted March 29, affirmed August 10, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARREN JAMES WEBSTER,
*Defendant-Appellant.*

Deschutes County Circuit Court
14FE0132, MI140100;
A157319 (Control),
A157320, A157510, A157511

380 P3d 1165

A. Michael Adler, Judge. (Judgments - Conviction)

Wells B. Ashby, Judge. (Judgments - Probation Violation)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

**DEHOOG, J.**

Defendant appeals a judgment[1] revoking his probationary sentence and sanctioning his probation violations by imposing a 28-month term of incarceration and 24 months of post-prison supervision. Defendant assigns error to the trial court's reliance on ORS 137.717(1), the repeat property offender (RPO) statute,[2] in imposing that sanction. Specifically, defendant argues that our case law distinguishes "statutorily mandated" sentences from "presumptive" sentences. *See State v. Hicks*, 249 Or App 196, 202, 275 P3d 195, *rev den*, 352 Or 341 (2012). Relying on that distinction, defendant argues that OAR 213-010-0002(2), which states that a court may impose "up to the maximum presumptive prison term which could have been imposed initially" as a probation revocation sanction, did not authorize the trial court to sanction him in accordance with the statutory presumptive sentence in ORS 137.717(1). Rather, defendant argues that the "presumptive" term is the term established by the sentencing guidelines grid block that corresponds to his conviction. Thus, defendant asserts that the trial court erred in imposing a sanction that exceeds that presumptive sentence.

Rather than directly addressing defendant's argument on the merits, the state focuses on whether defendant's assignment of error is reviewable. In the state's view, ORS 138.222(2)(a) renders defendant's assignment of error unreviewable and, therefore, ORS 138.222(7)(b) precludes his appeal. Alternatively, the state argues, because defendant did not raise his objection before the trial court,

---

[1] Defendant also appeals from the judgment of conviction in this case; a judgment of conviction in another case in which he was convicted of criminal mischief in the second degree; and the judgment revoking his probation in that case. However, he raises no assignments of error related to those judgments.

[2] When it applies, the RPO statute requires a minimum sentence for certain designated property crimes. ORS 137.717(1). As pertinent here, ORS 137.717(1) provides, in part:

"When a court sentences a person convicted of:

"(a) *** [R]obbery in the third degree under ORS 164.395 ***, the presumptive sentence is 24 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence, if the person has: [a conviction for one or more of the enumerated offenses]."

and because the trial court did not plainly err, we must affirm.

For the reasons that follow, we conclude that defendant's assignment of error is reviewable. However, we further conclude that defendant's assignment of error is unpreserved and that any error is not plain. Accordingly, we affirm.

The relevant facts in this case are procedural and undisputed. Defendant pleaded no contest to robbery in the third degree, ORS 164.395, and the trial court entered a judgment of conviction. At sentencing, the trial court determined that, based on defendant's criminal history, the RPO provisions of ORS 137.717(1) applied to defendant's conviction. Under that statute, defendant faced a 28-month prison sentence. *See* ORS 137.717(1). Under the sentencing guidelines, on the other hand, defendant's conviction fell on grid block 5-B, which carries a presumptive prison sentence of 13 to 14 months. *See* OAR 213-004-0001; OAR ch 213, App 1.

The trial court opted not to impose either the RPO sentence or the presumptive sentence under the guidelines. Instead, the court accepted the parties' stipulation pursuant to plea negotiations and found substantial and compelling reasons to depart from that sentence. The court entered a judgment reflecting a downward dispositional departure from grid block 5-B and ORS 137.717 to 24 months' supervised probation.

The state subsequently alleged that defendant had violated the terms of his probation. After a contested hearing, the trial court found that defendant had violated the terms of probation. The court entered an order revoking probation and imposed a sanction of 28 months of incarceration with 24 months of post-prison supervision. Defendant did not object to that sanction at the revocation hearing. However, on appeal, defendant contends that the trial court exceeded the maximum revocation sanction authorized by law.

We begin with the preliminary question of reviewability. *See Meader v. Meader*, 194 Or App 31, 40, 94 P3d 123, *rev den*, 337 Or 555 (2004) (addressing reviewability

before turning to merits). In relevant part, ORS 138.222 provides:

> "(2)   * * * [O]n appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court may not review:
>
> "(a)   Any sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission.
>
> "* * * * *
>
> "(7)   * * * The defendant may appeal under this subsection only upon showing a colorable claim of error in a proceeding if the appeal is from a proceeding in which:
>
> "* * * * *
>
> "(b)   Probation was revoked * * *."[3]

The state argues, as it did in *State v. Denson*, 280 Or App 225, 229, 380 P3d 1170 (2016), that defendant's probation sanction is not reviewable, because his sanction does not fall outside of the presumptive sentence "prescribed by the rules of the Oregon Criminal Justice Commission." *See* ORS 138.222(2)(a). The state relies on OAR 213-003-0001(16), which defines a "presumptive sentence" as a sentence that either falls within a sentencing guidelines grid block or as "a sentence designated as a presumptive sentence by statute." Because, under the commission's rule, a "presumptive sentence" includes a statutory presumptive sentence, OAR 213-003-0001(16), the state argues that defendant's sanction in accordance with the RPO statute is "within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission" and, therefore, is made unreviewable by ORS 138.222(2)(a).

Contrary to the state's argument, ORS 138.222(2)(a) makes unreviewable only those sentences designated as presumptive by the sentencing grid blocks and not those sentences designated as presumptive by statute:

---

[3] ORS 138.222 applies in felony probation revocation proceedings, even though it references a "sentence" rather than a "sanction." *State v. Johnson*, 271 Or App 272, 274-75, 350 P3d 556 (2015); *see State v. Lane*, 357 Or 619, 638, 355 P3d 914 (2015).

> "[T]he phrase in ORS 138.222(2)(a)—'[a]ny sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission'—can only have one referent: The phrase refers to a sentence that comes within the range of presumptive sentences prescribed by a sentencing guidelines grid block. * * * ORS 138.222(2)(a) does not preclude review of a presumptive sentence that is not contained within a grid block."

*State v. Althouse*, 359 Or 668, 676, 375 P3d 475 (2016) (second brackets in original); *see also Denson*, 280 Or App at 230. Because the sanction that the court imposed upon revoking defendant's probation in this case does not fall within the presumptive sentence set out in the sentencing grid block that corresponds to defendant's conviction, ORS 138.222(2)(a) does not render defendant's sentence unreviewable.[4]

Having decided the issue of reviewability under ORS 138.222(2)(a), we now turn to defendant's assignment of error.[5] Defendant argues that, because the court's authority to impose revocation sanctions does not arise from ORS 137.717(1), the sentencing guidelines dictate the options available to a trial court as sanctions for probation violations. *See* ORS 137.545(5)(b) ("For defendants sentenced for felonies committed on or after November 1, 1989, the court that imposed the probationary sentence may revoke probation supervision and impose a sanction as provided by rules of the Oregon Criminal Justice Commission."). In defendant's view, OAR 213-010-0002(2), the commission's rule governing probation sanctions, does not contemplate a sanction in accordance with the statutory presumptive sentence in ORS 137.717(1), as that is not the "presumptive prison term which could have been imposed initially" within the meaning of that rule. Defendant relies on *Hicks*, 249 Or App at 196, and argues that, under that case, a statutory presumptive sentence is not a presumptive sentence for the purposes of OAR 213-010-0002(2). Thus, defendant concludes that the trial court erred in sanctioning him by imposing an

---

[4] Our conclusion that defendant's claim of error is reviewable disposes of the state's related argument that ORS 138.222(7)(b) precludes his appeal.

[5] We address below the state's contention that any error raised by defendant is not plain.

RPO sentence. Though defendant concedes that that allegation of error is unpreserved, he asserts that, in light of *Hicks*, the error is plain. *See* 249 Or App at 201-02.

The state rejects that argument both substantively and procedurally. The state notes that the express language of ORS 137.717(1) establishes a "presumptive sentence" for repeat property offenders and that, under OAR 213-003-0001(16), a presumptive sentence includes either a grid block or a statutory sentence. From that premise, the state contends that, because OAR 213-010-0002(2) authorizes the court to impose, as a revocation sanction, any presumptive sentence that it could initially have imposed, the trial court did not err in relying on the RPO statute. The state disputes defendant's characterization of *Hicks* and argues that, in that case, we merely held that a statutory presumptive sentence is not a presumptive sentence for purposes of the commission's rule governing consecutive sentences. *See* 249 Or App at 201-02. In the state's view, we did not limit the application of ORS 137.717(1) for purposes of any other rule or statute. *See id.* Foremost, however, the state argues that, to the extent defendant's argument raises a cognizable claim of error, any such error is not obvious or beyond dispute and, therefore, is not plain. Because defendant did not preserve that claim of error, the state urges us to affirm the trial court's judgment. We agree that defendant's claim of error does not amount to plain error and, therefore, affirm.

It is well settled that issues not raised in the trial court typically may not be raised and considered on appeal. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court."). A recognized exception to the preservation requirement involves "so-called 'plain error'—that is, an error apparent on the record, about which there is no reasonable dispute." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). To qualify as "plain error," an asserted error must be (1) one of "law"; (2) it must be "apparent, *i.e.,* the point must be obvious, not reasonably in dispute"; and (3) "it must appear 'on the face of the record.'" *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (quoting *State v. Brown*, 310 Or 347, 355-56, 800 P2d

259 (1990)). Whether an allegation of error is plain presents a question of law. *See State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006). In this case, we conclude that defendant's argument fails to satisfy the second prong of the test. That is to say, it is not obvious.

First, no appellate court has considered whether, in accordance with ORS 137.545(5)(b) and the applicable administrative rules, the presumptive sentences established by ORS 137.717(1) provide sanctions that may be imposed upon revocation of probation. That is one indication that defendant's allegation of error is not apparent. *State v. Jordan*, 249 Or App 93, 98, 274 P3d 289, *rev den*, 353 Or 103 (2012) (unpreserved error was "reasonably in dispute" where the court had never addressed issue).

Second, the authority that defendant cites does not support that the trial court's ruling was clearly erroneous. Most notably, the relevance of *Hicks* to defendant's appeal is debatable at best. In *Hicks*, the defendant appealed his convictions for second-degree burglary and first-degree criminal mischief. 249 Or App at 197-98. He argued, among other things, that the trial court erred by imposing consecutive RPO sentences for those offenses without applying the criminal justice commission's "shift-to-I" rule to the second conviction, which would have reduced the defendant's total sentence significantly. *Id.* at 199. We rejected his argument that, because ORS 137.717(1) provided for "presumptive" sentences, that statute was subject to the limit imposed by OAR 213-012-0020(2) on consecutive presumptive sentences. *Id.* at 200-02. Relying on our previsions decisions, we reasoned that that interpretation would, in effect, give the administrative rule preclusive effect over the statute. *Id.* at 202. That rationale has limited, if any, bearing in this case, where there is no apparent conflict between ORS 137.717(1) and the guidelines rule at issue.

Because *Hicks* does not resolve the question of law presented here, and because no other Oregon decision has discussed that question, whether a court may impose sanctions based on ORS 137.717(1) at the time of probation revocation is reasonably in dispute. Accordingly, defendant's argument does not qualify as an error of law apparent on

the record. *See Jordan,* 249 Or App at 98 (issue reasonably in dispute is not apparent error).

Affirmed.