Argued and submitted October 31, 1995, convictions affirmed; remanded for
resentencing February 7, 1996

### STATE OF OREGON,
*Respondent,*

*v.*

### JOHN WALTER LUNDSTEDT,
*Appellant.*

(93-5325; CA A86308)

911 P2d 349

Sally L. Avera, Public Defender, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant appeals from a judgment of conviction on two counts of assault in the second degree. ORS 163.175. We affirm defendant's convictions, but remand for resentencing.

Defendant asserts that the trial court erred in several particulars. We write to address only his third assignment of error, that the court, in imposing sentence, erroneously failed to apply the so-called "shift-to-I" rule, OAR 253-12-020(2)(a). We reject his other assignments without further comment.

The court imposed consecutive 20-month sentences for defendant's two assault convictions. Those sentences were based on the court's determination that sentencing guidelines gridblock 8-H applied to both convictions. Defendant does not contest the first 20-month sentence but contends that the second sentence was erroneous because the court failed to apply OAR 253-12-020(2)(a), which provides:

"Subject to the provisions of subsection (B) of this section, the presumptive incarceration term of the consecutive sentence is the sum of:

"(A) The presumptive incarceration term * * * for the primary offense, as defined in OAR 253-03-001(17); and

"(B) Up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively."

Defendant contends that, because the court failed to apply the "shift-to-I" rule, it improperly based his second, consecutive sentence on guidelines gridblock 8-H, with a presumptive sentence of 19-20 months' incarceration, rather than on gridblock 8-I, with a presumptive sentence of 16-18 months' incarceration.

Defendant did not object to the trial court's failure to apply the "shift-to-I" rule and, thus, did not preserve the error he now asserts. However, he argues that the alleged error is "error apparent on the face of the record," ORAP 5.45(2), and that we should exercise our discretion to review such error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991); *State v. Jones*, 129 Or App 413, 879 P2d 881 (1994).

■ In this case, the state, although not expressly conceding the matter, does not dispute that the trial court erred in failing to apply the "shift-to-I" rule. Nor does the state dispute that the error is apparent on the face of the record.[1] However, the state contends that we should decline to review the error because "any mistake was minor" and because "a departure sentence could easily have been imposed on either sentence or both sentences."

■ We conclude that the trial court erred in failing to apply the "shift-to-I" rule and that, in this case, that error is apparent on the face of the record. Moreover, after considering the factors set out in *Jones*, we elect to exercise our discretion to review that error. We particularly reject the state's contention that the error here, which may have resulted in up to four months' additional incarceration, was not of sufficient gravity to warrant our discretionary review.

Convictions affirmed; remanded for resentencing.

---

[1] For example, the state does not contend that there is any factual issue here as to whether defendant's convictions were based on the same criminal episode.