Argued and submitted September 29, 1997, convictions affirmed; sentences vacated and remanded for resentencing April 1, petition for review denied June 2, 1998 (327 Or 192)

## STATE OF OREGON,
*Respondent,*

*v.*

## ANTONIO ROJAS-MONTALVO,
*Appellant.*

(95C23084; CA A94143)

957 P2d 163

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Tammy A. Hawkins, Certified Law Student.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

Defendant pleaded guilty to possession and delivery of a controlled substance and was sentenced to consecutive sentences. He challenges the imposition of consecutive sentences by the trial court. Defendant also asserts that the trial court erred by failing to place him in column I when it sentenced him for his secondary offense of delivery of a controlled substance. We remand for resentencing.

Police entered defendant's home on September 8, 1995, pursuant to a valid search warrant. They found defendant in a closet counting money. Nearby, there was a small scale, a box of baggies, a pager, some small plastic bindles containing cocaine and a large margarine tub that contained more cocaine. Defendant was charged with possession and delivery of cocaine, ORS 475.992(1) and (4),[1] and pleaded guilty to both charges.

At sentencing, the trial court established the presumptive sentence at 21 to 22 months on the possession charge, based on an 8-G grid block finding. The court departed upward to 44 months, based on the aggravating factor that defendant was on probation at the time of conviction. On the delivery charge, the court sentenced defendant to 22 months to be served consecutively, also based on an 8-G grid block finding.

■    Defendant argues that the court erred by sentencing him to consecutive sentences. We review consecutive sentences for errors of law appearing on the record, ORS 138.220; *State v. Sumerlin*, 139 Or App 579, 588, 913 P2d 340 (1996); *State v. Racicot*, 106 Or App 557, 561, 809 P2d 726 (1991), and whether the sentence exceeds the maximum allowable by law, ORS 138.050(1)(a). Consecutive sentences are governed by ORS 137.123, which provides, in part:

"(5)   The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

---

[1] The state's theory was constructive delivery. *See State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den* 307 Or 77 (1988).

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of a defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or conduct."

The trial court made findings under both subsections (a) and (b) to support its imposition of consecutive sentences. Defendant argues that because he pleaded guilty to a "constructive" delivery of cocaine, "[t]he court cannot find that the possession of cocaine 'was not merely an incidental violation of a different statutory provision in the course of the commission of a more serious crime.' " He is mistaken.

In *Sumerlin*, the defendant was convicted of both reckless driving and driving under the influence of intoxicants, and the trial court sentenced him to consecutive sentences. 139 Or App at 589. We held that, by speeding while driving under the influence, the defendant showed a willingness to commit both offenses. *Id*. We stated:

"Defendant need not have driven in an intoxicated state to have committed the offense of reckless driving; conversely, he need not have been speeding to have committed the offense of DUII. The offenses were not merely 'incidental' to one another."

The same is true here. A defendant need not possess a controlled substance in order to be found guilty of delivery, *see State v. Sargent*, 110 Or App 194, 198, 822 P2d 726 (1991), and being in possession does not necessarily imply delivery. Therefore, the offenses are not merely "incidental" to one another.

Defendant argues that, because this is a "constructive" delivery charge, the two are simply incidental to one another. The theory of delivery suggested by the state makes

no difference in the penalty phase once guilt is established. Defendant's pleas of guilty to both possession and delivery of cocaine indicate a willingness to commit more than one criminal offense. Because we hold that it was not an error of law for the trial court to impose consecutive sentences pursuant to ORS 137.123(5)(a), we do not reach defendant's argument that the trial court erred in finding that subsection (b) supported the imposition of consecutive sentences.

■      Defendant also assigns error to the trial court's failure to abide by the "shift to column I" rule; the state concedes error. When the trial court imposes consecutive felony sentences for multiple offenses stemming from the same criminal episode, that rule requires the court to sentence defendant's secondary offenses at column I rather than as indicated by the defendant's criminal history score. OAR 213-12-020(2)(a). The trial court erred in sentencing both of defendant's convictions at grid block 8-G.

Although defendant failed to object to that error at trial, the error would result in a minimum of four months and maximum of six months additional prison time. According to *State v. Lundstedt*, 139 Or App 111, 114-15, 911 P2d 349 (1996), that is an error apparent on the face of the record. We exercise our discretion to review the unpreserved issue because the state concedes error and does not argue that defendant failed to avail himself of the statutory remedy provided by ORS 138.083, which gives the sentencing court the authority to correct erroneous terms in a sentence. *See State v. Galvin*, 152 Or App 275, 278, 954 P2d 800 (1998). Defendant's secondary offense should have been sentenced at grid block 8-I.

Convictions affirmed; sentences vacated and remanded for resentencing.