Submitted on record and briefs September 7, sentences vacated; remanded for resentencing; otherwise affirmed October 11, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES HENRY DAVIDSON,
*Appellant.*

03C40528; A123755

145 P3d 276

Andrew S. Chilton and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted after a stipulated facts trial of second-degree kidnapping, ORS 163.225, unlawful use of a weapon, ORS 166.220, and felon in possession of a firearm, ORS 166.270. He received a prison sentence of 63 months on the kidnapping conviction,[1] and a 22-month consecutive prison sentence for unlawful use of a weapon. Defendant argues for the first time on appeal that imposition of the 22-month consecutive sentence was error because the trial court failed to calculate his criminal history score for purposes of that offense using OAR 213-012-0020(2)(a)(B), which provides that, when a court is imposing multiple sentences consecutively under circumstances such as this, it may impose "[u]p to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively." Defendant notes, and the state agrees, that the trial court failed to use the Criminal History I Column in imposing the additional consecutive sentence, but rather used the Criminal History B Column. The state concedes that the error is apparent on the face of the record.

We have previously considered such error to be plain error and exercised our discretion to correct it. *State v. Rojas-Montalvo*, 153 Or App 222, 957 P2d 163, *rev den*, 327 Or 192 (1998). For the reasons set forth in *Rojas-Montalvo*, we exercise our discretion to correct the error in this case, as well.

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[1] Although second-degree kidnapping carries a mandatory minimum sentence of 70 months pursuant to ORS 137.700, the sentencing court apparently intended to impose the 63-month sentence as a downward departure sentence on the kidnapping count pursuant to ORS 137.712, although the judgment does not so reflect. The propriety of that sentence is not at issue in this appeal.