247 P.3d 343 (2011)
240 Or. App. 557
STATE of Oregon, Plaintiff-Respondent,
v.
Leslie Allen DOTY, Defendant-Appellant.
CR0800647; A140903.
Court of Appeals of Oregon.
Argued and Submitted January 6, 2011.
Decided February 2, 2011.
Rankin Johnson IV argued the cause and filed the brief for appellant.
Tiffany Keast, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and David B. Thompson, Interim Solicitor General.
Before ORTEGA, Presiding Judge, and BREWER, Chief Judge, and SERCOMBE, Judge.[*]
PER CURIAM.
Defendant was convicted of first-degree robbery, ORS 164.415; two counts of second-degree robbery, ORS 164.405; possession of a short-barreled shotgun, ORS 166.272; and being a felon in possession of a firearm, ORS 166.270. He argues on appeal that, because the indictment did not allege that defendant knew he was a felon, the trial court plainly erred in failing to grant, sua sponte, an arrest of judgment. As defendant conceded at oral argument, pursuant to this court's recent decision in State v. Anderson, 233 Or.App. 475, 227 P.3d 192 (2010), the indictment was sufficient. However, defendant contends that that case was wrongly decided. We decline defendant's invitation to reconsider Anderson and, in light of our holding in that case, reject without further discussion his assertion that the trial court committed plain error with respect to the conviction for felon in possession.
Defendant also contends on appeal that the sentence imposed by the trial court with respect to possession of a short-barreled shotgun violated OAR XXX-XXX-XXXX. Although he did not raise the issue in the trial court, he argues that we should nonetheless consider it as plain error. The state concedes that the trial court plainly erred in imposing a sentence in violation of OAR XXX-XXX-XXXX. We agree with the concession, exercise our discretion to review the error, and conclude that the case must be remanded for resentencing. See State v. Davidson, 208 Or.App. 672, 673, 145 P.3d 276 (2006) (treating similar sentencing error as plain error and exercising discretion to correct it); see also ORS 138.222(5) (where an error requires resentencing, entire case must be remanded for resentencing).
Remanded for resentencing; otherwise affirmed.
NOTES
[*] Brewer, C.J., vice Edmonds, S.J.