STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN RICHARD MONRO,
*Defendant-Appellant.*

Lane County Circuit Court
200821493A; A144968

301 P3d 435

Daniel C. Bennett, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant was convicted, following a jury trial, of multiple offenses arising out of several criminal episodes. On appeal, defendant raises six assignments of error. In his first, second, fifth, and sixth assignments, defendant asserts various challenges to his convictions. We reject those assignments of error without discussion. In his third and fourth assignments, defendant contends that the trial court plainly erred in failing to apply the "shift to column I" rule when imposing consecutive sentences on his convictions for felon in possession of a firearm in Count 13 and first-degree robbery in Count 32. As explained below, we agree with defendant that the trial court plainly erred in not applying the "shift to column I" rule to defendant's sentence in Count 32, and we exercise our discretion to correct that error. ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991) (appellate court has discretion to review unpreserved error of law apparent on the record, also referred to as "plain error" review). Because that disposition requires us to remand the case for resentencing, ORS 138.222(5), we need not—and do not—address defendant's claim of error with respect to Count 13.

In imposing sentence on Count 32 (first-degree robbery), the court categorized defendant as a "9-A" offender under the sentencing guidelines and imposed a durational departure sentence of 144 months' incarceration, consecutive to the sentences imposed on Count 1 (first-degree robbery involving a different victim and a different criminal episode) and Count 29 (attempted aggravated murder of the same victim and during the same criminal episode as the robbery in Count 32). Defendant contends that the court instead should have "shifted" his criminal history score to "I" under OAR 213-012-0020,[1] which would have resulted in the imposition

---

[1] OAR 213-012-0020(2) provides, in part:

"(a) Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

"(A) The presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure for the primary offense, as defined in OAR 213-003-0001(17); and

"(B) Up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively."

of a 90-month mandatory minimum sentence on Count 32. Defendant acknowledges that he failed to preserve this argument, but requests that we exercise our discretion to correct the error as error apparent on the record.

As we have explained,

"[t]he 'shift-to-I' rule applies when a defendant is sentenced for multiple felonies in the same proceeding. In that event, the defendant's true criminal history score is used in assessing the gridblock for imposing sentence on the primary offense (and any other offenses for which sentences will run concurrently). OAR 213-012-0020(2)(a)(A). For additional offenses for which consecutive sentences will be imposed, the court is required to use the criminal history score 'I.' OAR 213-012-0020(2)(a)(B)."

*State v. Mayes*, 234 Or App 707, 709 n 1, 229 P3d 628, *rev den*, 348 Or 669 (2010). The "shift to column I" rule does not apply to "consecutive sentences imposed for crimes that have different victims," OAR 213-012-0020(5); *State v. McNeil*, 170 Or App 407, 12 P3d 992 (2000), or that stem from different criminal episodes, *see Orchard v. Mills*, 247 Or App 355, 358, 270 P3d 309 (2011), *rev den*, 352 Or 33 (2012) ("'shift-to-I' rule applies only when consecutive sentences are imposed for crimes that arise from a single criminal episode").

Here, although Count 1 involved a different victim (and a different criminal episode) than Count 32, the court also made Count 32 consecutive to Count 29, which involved the same criminal episode and the same victim. Thus, in defendant's view, under OAR 213-012-0020(2)(a)(B), the trial court was required to follow the "shift-to-I" rule when imposing sentence on Count 32. The state counters that the rule is inapplicable in this circumstance, because first-degree robbery is a Measure 11 offense, *see* ORS 137.700, and the rule does not apply to "statutorily mandated sentences." At oral argument, the state further argued that, in any event, any error in that respect was not "plain" because the sentences potentially could be restructured to achieve the same result.

To the extent that the state is arguing that Measure 11 sentences are not subject to the limitations of the guide-line rules, including the "shift to column I" rule, it is correct.

*See State v. Hicks,* 249 Or App 196, 199, 275 P3d 195, *rev den,* 352 OR 341 (2012) (sentence that is "statutorily mandated" for purposes of OAR 213-012-0020 is outside the scope of the "shift to column I" rule); *State v. Langdon,* 151 Or App 640, 646-47, 950 P2d 410 (1997), *aff'd,* 330 Or 72, 999 P2d 1127 (2000) (Measure 11 sentences, because they are mandatory sentences, are not subject to the 200/400 percent limitation of OAR 213-012-0020)); *see also State v. Young,* 183 Or App 400, 52 P3d 1102 (2002) (limits in guideline rules for imposition of consecutive sentences not applicable to sentences imposed pursuant to repeat property offender statute).

Here, however, the trial court did not impose a Measure 11 sentence on defendant's first-degree robbery conviction in Count 32. Rather, the court chose instead to sentence defendant to a departure sentence under the sentencing guidelines. *See* ORS 137.700(1) ("The court may impose a greater sentence [than that specified in ORS 137.700(2)] if otherwise permitted by law, but may not impose a lower sentence[.]"). In calculating a sentence under the guidelines, the court is required to follow the guidelines' rules, including the "shift to column I" rule for imposing sentences consecutively. As noted, the court did not do that here. Had the court followed the "shift to column I rule," the maximum departure sentence permitted to be imposed consecutively was 72 months, rather than the 144 months that the court imposed. However, because the mandatory incarceration term for the offense under Measure 11 is greater—90 months—the court was required to impose that sentence rather than the 72-month consecutive guidelines sentence. ORS 137.700(1). The upshot is that, as a result of the court's error in failing to apply the "shift-to-column I" rule, defendant received a sentence for his conviction on Count 32 that is 54 months longer than the maximum permitted by law.

We have previously considered error in failing to apply the "shift to column I" rule to be plain error, *see, e.g., State v. Doty,* 240 Or App 557, 558, 247 P3d 343 (2011); *State v. Diaz-Rivera,* 235 Or App 179, 180, 230 P3d 101 (2010); *State v. Davidson,* 208 Or App 672, 673, 145 P3d 276 (2006); *State v. Rojas-Montalvo,* 153 Or App 222, 226, 957

P2d 163, *rev den*, 327 Or 192 (1998); *State v. Lundstedt*, 139 Or App 111, 114, 911 P2d 349 (1996), and we do so here as well. Defendant received a sentence on Count 32 that is potentially 54 months longer than he would have received absent the error. Moreover, whether the trial court could have imposed, or might impose on remand, the same total number of months' incarceration is not "certain" on this record. *Cf. State v. Marshall*, 219 Or App 511, 518, 183 P3d 241 (2008) (rejecting state's argument that "shift to column I" sentencing error was harmless because, although it was possible for the court to lawfully impose the same aggregate incarceration term by other means, it was not certain that the court would do that); *Lundstedt*, 139 Or App at 114 (rejecting state's argument that the error in not applying the "shift to column I" rule, which may have resulted in up to four months' additional incarceration, was not of sufficient gravity to warrant discretionary review). Under those circumstances, we exercise our discretion to correct the error.

Remanded for resentencing; otherwise affirmed.