Submitted December 18, 2013, remanded for resentencing; otherwise affirmed February 5, 2014.

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMIE WAYNE BLASKA,
*Defendant-Appellant.*

Lincoln County Circuit Court
113449; A151122

324 P3d 482

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

## PER CURIAM

Following a guilty plea, defendant was convicted of unlawful delivery of methamphetamine (Count 1), ORS 475.890, and felon in possession of a firearm (Count 4), ORS 166.270. The court sentenced defendant to 40 months in prison and 36 months of post-prison supervision on Count 1 and, on Count 4, sentenced him to 20 months in prison, consecutive to the sentence on Count 1, along with 24 months of post-prison supervision. Defendant raises two assignments of error on appeal. In his first assignment, defendant asserts that a consecutive sentence in this case is not authorized under ORS 137.123(5) and, therefore, the trial court was required to impose concurrent sentences. We reject that assignment of error without discussion.

Defendant also contends on appeal that the trial court "erred in imposing a sentence of 20 months incarceration" on Count 4. In particular, he asserts that that sentence exceeds the maximum allowable under OAR 213-012-0020(2)(a)(B). Although he did not preserve the issue before the trial court, defendant argues that we should consider it as plain error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (court has discretion to review unpreserved error apparent on the face of the record). The state concedes that the trial court plainly erred in imposing a 20-month sentence on Count 4 in violation of OAR 213-012-0020(2)(a)(B). We agree with the concession, exercise our discretion to review the error, and conclude that the case must be remanded for resentencing on that basis. *See State v. Monro*, 256 Or App 493, 496-97, 301 P3d 435, *rev den*, 354 Or 148 (2013) (treating error in failing to apply OAR 213-012-0020(2)(a)(B) as plain error and exercising discretion to correct it); *State v. Davidson*, 208 Or App 672, 673, 145 P3d 276 (2006) (same); *see also* ORS 138.222(5)(a) ("If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing.").

Remanded for resentencing; otherwise affirmed.