Argued and submitted December 30, 2013, remanded for resentencing;
otherwise affirmed February 12, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY ALLEN WEST-HOWELL,
*Defendant-Appellant.*

Marion County Circuit Court
11C47990; A150068

323 P3d 335

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Michael Seung Moak Shin, Senior Assistant Attorney General, argued the cause for respondent. On the answering brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General.

Before Wollheim, Presiding Judge, and Haselton, Chief Judge, and Schuman, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of multiple sexual offenses, including two counts of first-degree sodomy (Counts 2 and 5) and one count of attempted first-degree rape (Count 4). Among other things, the court imposed consecutive sentences on Counts 2 and 4. On appeal, defendant argues that, in calculating the presumptive term for the consecutive sentence on Count 4, the trial court did not shift to Column I, as required by OAR 213-012-0020(2)(a)(B). Defendant acknowledges that he did not raise that issue below, but he urges us to review and correct what is a plain error.

The state concedes that the trial court erred in failing to shift to Column I, and that the case must be remanded for resentencing on that ground. *See State v. Monro*, 256 Or App 493, 496-97, 301 P3d 435, *rev den*, 354 Or 148 (2013) ("We have previously considered error in failing to apply the 'shift to column I' rule to be plain error ***."). We agree with the state, accept the concession, and, for the reasons summarized in *Monro*, 256 Or App at 497, exercise our discretion to correct the error.[1]

Remanded for resentencing; otherwise affirmed.

---

[1] In a separate assignment of error, defendant argues that the trial court erred in failing to merge the two guilty verdicts for sodomy into a single conviction. We decline to address that issue, which the trial court will have an opportunity to consider upon resentencing.