Submitted September 4, remanded for resentencing; otherwise affirmed
December 23, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE JAMES GASCHE,
*Defendant-Appellant.*

Deschutes County Circuit Court
13FE1239; A156257

366 P3d 352

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of four sex crimes (Counts 1 to 4) and furnishing alcohol to a minor (Count 5). The trial court sentenced him to 18 months' imprisonment on Count 1 under 6-I on the sentencing grid block, 13 months' imprisonment on Count 2 under 6-D on the grid block to be served concurrent with Count 1, 20 months' imprisonment on Count 3 under 6-B on the grid block to be served concurrent with Counts 1 and 2, 28 months' imprisonment on Count 4 under 6-A on the grid block to be served consecutively to Counts 1, 2, and 3, and 10 days in jail on Count 5. On appeal, defendant asserts that the trial court committed plain error, ORAP 5.45(1), by failing to apply the "shift-to-I" rule when it sentenced defendant consecutively on Count 4. *See* OAR 213-012-0020(2)(a).

As we have explained,

"[t]he 'shift-to-I' rule applies when a defendant is sentenced for multiple felonies in the same proceeding. In that event, the defendant's true criminal history score is used in assessing the grid block for imposing sentence on the primary offense (and any other offenses for which sentences will run concurrently). OAR 213-012-0020(2)(a)(A). For additional offenses for which consecutive sentences will be imposed, the court is required to use the criminal history score 'I.' OAR 213-012-0020(2)(a)(B)."

*State v. Mayes*, 234 Or App 707, 709 n 1, 229 P3d 628, *rev den*, 348 Or 669 (2010). The "shift-to-I" rule does not apply to "consecutive sentences imposed for crimes that have different victims," OAR 213-012-0020(5), or that stem from different criminal episodes, *see Orchard v. Mills*, 247 Or App 355, 358, 270 P3d 309 (2011), *rev den*, 352 Or 33 (2012) ("shift-to-I" rule applies only when consecutive sentences are imposed for crimes that arise from a single criminal episode).

Defendant contends that, because the only evidence in the record is that defendant's sex crime convictions involved the same victim and the same criminal episode, the court erroneously calculated his consecutive sentence on Count 4 using his "true criminal history score" of "A" rather than the criminal history score "I." The state acknowledges

that nothing in the record supports the conclusion that defendant's convictions stemmed from separate criminal episodes or involved separate victims; therefore, the state concedes that the court committed plain error when it failed to apply the "shift-to-I" rule.

We have previously considered error in failing to apply the "shift-to-I" rule to be plain error. *State v. Monro*, 256 Or App 493, 496-97, 301 P3d 435, *rev den,* 354 Or 148 (2013) (citing other cases in which we have treated failure to apply the "shift-to-I" rule as plain error). Here, we accept the state's concession, exercise our discretion to correct the error for the reasons stated in *State v. Rojas-Montalvo*, 153 Or App 222, 226, 957 P2d 163, *rev den,* 327 Or 192 (1998), and conclude that the case must be remanded for resentencing. *See Monro*, 256 Or App at 496-97 (exercising our discretion to correct the error, and remanding for resentencing because it was not certain that the trial court could, or would, impose the same sentence on remand).

Remanded for resentencing; otherwise affirmed.