PER CURIAM
*777 *199 Defendant appeals a judgment of conviction entered after his resentencing on remand in State v. Cervantes , 271 Or. App. 234, 351 P.3d 761 (2015). Defendant argues that the trial court plainly erred when it failed to apply the "shift-to-I" rule in calculating his sentences on his convictions for third-degree sodomy in Counts 22 and 23, which involved the same criminal episode and the same victim. See OAR 213-012-0020. Specifically, defendant argues that the trial court erred by not applying the "shift-to-I" rule in calculating his criminal history score on Count 23 when the court ordered the sentence on that count to be served consecutively with the sentence on Count 22. See State v. Monro , 256 Or. App. 493, 495, 301 P.3d 435, rev. den. , 354 Or. 148, 311 P.3d 525 (2013) (explaining "shift-to-I" rule and that it was plain error to not apply the rule in that case). The state concedes that the court plainly erred. We accept the state's concession and conclude that it is appropriate to exercise our discretion to correct the plain error because the state has no interest in our refusing to correct the error, and we perceive no strategic or tactical reason for defendant's attorney to not have raised the issue at sentencing.
Remanded for resentencing; otherwise affirmed.