592 January 22, 2026 No. 28

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HOMER R. WAMPLER,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR60267, 19CR10804; A183703 (Control), A183705

Sheryl Bachart, Judge.

Submitted November 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

In Case Nos. 18CR60267 and 19CR10804, remanded for resentencing.

**HELLMAN, J.**

In this consolidated criminal appeal, defendant appeals judgments of conviction for numerous offenses based on his abuse of his son's 15-year-old girlfriend.[1] He challenges his sentence in five assignments of error, arguing that the trial court erred by imposing constitutionally disproportionate sentences on Counts 19 and 20, failing to shift his criminal history score to "I" on Counts 4 and 11, and ordering him to pay per diem fees on Counts 3, 9, and 10. The state concedes that the trial court committed reversible plain error by failing to "shift to I" before sentencing defendant on Count 11 and by imposing per diem fees, which it did not announce at defendant's sentencing hearing. We accept the state's concessions but reject defendant's remaining arguments. Accordingly, we remand for resentencing based on the errors in sentencing on Counts 3, 9, 10, and 11.

*Proportionality*: In his first and second assignments of error, defendant contends that the trial court violated Article I, section 16, of the Oregon Constitution by imposing concurrent 25-year sentences pursuant to ORS 137.690[2] on Counts 19 and 20 for using a child in a display of sexually explicit conduct, ORS 163.670. We review the trial court's conclusion that defendant's sentence was constitutional under Article I, section 16, for legal error. *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017).

Article I, section 16, provides that "all penalties shall be proportioned to the offense." In determining

---

[1] In Case No. 18CR60267, defendant was convicted of 19 offenses, and the trial court sentenced him to a total incarceration term of 533 months. In Case No. 19CR10804, defendant was convicted of two counts of tampering with a witness, ORS 162.285, and the trial court sentenced defendant to 25 months imprisonment on both counts, to be served concurrently to each other but consecutively to the sentence in Case No. 18CR60267. In total, the trial court ordered an incarceration term of 558 months in both cases. On appeal, defendant assignments of error pertain only to the sentences imposed in Case No. 18CR60267, and we conclude that the case must be remanded for resentencing. Although he does not challenge the judgment or sentence in Case No. 19CR10804, we also remand that case for resentencing because the cases were tried and sentenced together, *See State v. Sheikh-Nur*, 285 Or App 529, 540, 361 Or 886, 403 P3d 676, *rev den*, 361 Or 886 (2017) (where multiple cases were tried together, error required resentencing on all cases).

[2] ORS 137.690 provides, in relevant part, "Any person who is convicted of a major felony sex crime, who has one (or more) previous conviction of a major felony sex crime, shall be imprisoned for a mandatory minimum term of 25 years."

whether a sentence is constitutionally proportionate to the offense, we consider three nonexclusive factors: (1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant. *State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009). Having reviewed the facts of this case and considered those factors, we are unpersuaded that this is one of those "rare circumstances" in which defendant's sentence is constitutionally disproportionate. *See State v. Horseman*, 294 Or App 398, 408, 432 P3d 258 (2018), *rev den*, 364 Or 723 (2019) (explaining that a sentence is disproportionate only if it "shock[s] the moral sense of all reasonable people" and that "judicial review of the constitutionality of penalties will only in rare circumstances result in a holding of unconstitutional disproportionality" (internal quotation marks omitted)).

*"Shift-to-I" Rule*: In defendant's third and fourth assignments, he asserts that the trial court plainly erred by failing to apply the "shift-to-I" rule when sentencing defendant to consecutive sentences on Count 4, delivery of a controlled substance to a minor, ORS 475.906, and Count 11, purchasing sex with a minor, ORS 163.413. Defendant's argument rests on the assertion that he committed those offenses as part of the same criminal episode as Count 19, which the trial court designated as the primary offense as defined in OAR 213-003-0001(17).

As we have explained, "when multiple consecutive sentences are imposed for crimes committed during the same criminal episode, only the primary offense is sentenced based on the offender's true criminal history; the additional offenses are classified under column I as required by OAR 213-012-0020(2)(a)(B)." *State v. Decleve*, 299 Or App 528, 531, 450 P3d 999 (2019). Here, although Counts 4 and 19 were committed during the course of the same night, the evidence at trial established that defendant induced S to send him an explicit photograph, and sometime later, defendant delivered methamphetamine to her at a different location. On that record, we conclude that that it is neither obvious nor beyond reasonable dispute that those offenses

were part of "continuous and uninterrupted conduct" that was "so joined in time, place and circumstances" that such conduct was necessarily "directed to the accomplishment of a single criminal objective." ORS 131.505(4) (defining "criminal episode").

However, the state concedes that Counts 4 and 11 were committed during the same criminal episode, and therefore, the state agrees that the trial court plainly erred by failing to "shift to I" before sentencing defendant on Count 11. We agree with the state's concession and exercise our discretion to review and correct the error. *See, e.g.*, *State v. Monro*, 256 Or App 493, 496-97, 301 P3d 435, *rev den*, 354 Or 148 (2013) (concluding that failing to apply the "shift-to-I" rule was plain error and exercising discretion to correct the error on the basis that the defendant received a sentence longer than the maximum permitted by law).

*Per Diem Fees*: Finally, in his fifth assignment, defendant argues, and the state concedes, that the trial court erred when it ordered defendant to pay per diem fees on Counts 3, 9, and 10, because that requirement was not announced in open court at his sentencing hearing. We agree with and accept the state's concession. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement to pay per diem fees was not announced in open court at sentencing); *see also State v. Jacobs*, 200 Or App 665, 673, 117 P3d 290 (2005) (explaining that a defendant has a statutory and constitutional right to be present at sentencing and the trial court's failure to "pronounce the sentence in open court in [the] defendant's presence" violated that right).

In Case Nos. 18CR60267 and 19CR10804, remanded for resentencing.