774 May 20, 2026 No. 445

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN STANLEY LITTLEFOOT HOUCK,
*Defendant-Appellant.*
Linn County Circuit Court
20CR43457; A181218

Thomas McHill, Judge.

Argued and submitted February 12, 2025.

Kristin Carveth, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for one count of assault in the third degree, two counts of felony strangulation, and one count of assault in the second degree. On appeal, defendant raises two challenges to his sentence, arguing that the trial court plainly erred when it did not calculate his sentence on Count 4 by shifting to column I on the sentencing grid, and that the trial court was not authorized to impose consecutive sentences for Counts 1 and 4 under ORS 137.123. For the following reasons, we affirm.

Because the parties are familiar with the underlying background and procedural history, which is not disputed on appeal, we do not provide a full recitation for this nonprecedential memorandum opinion. In an earlier appeal, we remanded defendant's case for resentencing due to the imposition of an erroneous term of post-prison supervision (PPS). *State v. Houck*, 321 Or App 370 (2022) (nonprecedential memorandum opinion). On remand, the trial court corrected the erroneous term of PPS and reimposed a 202-month sentence of incarceration, which was structured identically to the original sentence. As relevant to this appeal, defendant was convicted of third-degree assault (Count 1) and felony strangulation (Count 4) for conduct related to B, his son, who was under 10 years of age at the time. *See* ORS 163.165(1)(h) (a person commits assault in the third degree if they "intentionally or knowingly cause[] physical injury to a child 10 years of age or younger"); ORS 163.187(1)(a), (4)(b) (a person commits felony strangulation if they knowingly impede the normal breathing of a person under 10 years of age). The trial court imposed consecutive 60-month sentences on those counts, and defendant now challenges those sentences.

We address defendant's assignments of error in reverse order. In his second assignment of error, defendant argues that consecutive sentences for Counts 1 and 4 were not authorized by ORS 137.123. We review the imposition of consecutive sentences for errors of law and, in so doing, we are bound by the trial court's factual findings if they are supported by any evidence. *State v. Sanchez-Chavez*, 312 Or App 701, 710, 495 P3d 197, *rev den*, 369 Or 110 (2021).

The trial court ruled that consecutive sentences were authorized under ORS 137.123(5)(b), which allows the court to impose consecutive sentences if it finds that "[t]he criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim * * * than was caused or threatened by the other offense * * * committed during a continuous and uninterrupted course of conduct."[1] To make that statutory determination, the court must compare the real or potential harms that arose from the two offenses to "determine whether the offense for which a consecutive sentence is contemplated caused or risked causing any harm that the other did not." *State v. Rettmann*, 218 Or App 179, 185-86, 178 P3d 333 (2008). "Potential" harms, in this context, refers to the "harms that were risked, though not realized, by the conduct that actually occurred." *Id.* at 185 n 2.

Here, the trial court heard testimony regarding defendant's conduct, found that the conduct underlying each offense in fact caused two different injuries or harms, and imposed consecutive sentences for the two charges. On appeal, defendant contends that consecutive sentences could not be imposed for the two offenses because, relying on *State v. Edwards,* 286 Or App 99, 399 P3d 463, *rev den*, 362 Or 175 (2017), the conduct underlying both his assault and his strangulation of B caused and risked identical harms to B—*viz.*, physical injury and death. We are not persuaded by that application of *Edwards* to this case.

In *Edwards*, the defendant was charged with attempted aggravated murder with a firearm and first-degree assault with a firearm, arising out of a single encounter in which he shot at a police officer two times: the first shot missed the officer, and the second shot hit the officer in the leg, causing him to lose a substantial amount of blood. It was not clear how much time passed between the two

---

[1] On appeal, the parties agree that defendant's convictions for second-degree assault and strangulation arose out of a continuous and uninterrupted course of conduct involving the same victim. *See* ORS 137.123(4) ("When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (5) of this section.").

shots. *Id.* at 100-01. The factual basis for the defendant's conviction for first-degree assault was that he intentionally caused "serious physical injury * * * by means of a deadly or dangerous weapon" to the officer by shooting him in the leg with a firearm. ORS 163.185(1)(a). By definition, that "serious physical injury" must have constituted a physical injury which created a substantial risk of death or a protracted physical impairment. *Id.* at 109; ORS 161.015(8) (defining serious physical injury). Moreover, the defendant used a "deadly or dangerous weapon" in inflicting that injury, which encompasses a weapon with the ready capacity to kill. ORS 161.015(1), (2) (defining "dangerous" and "deadly" weapons). The defendant's attempted aggravated murder conviction was based on the same conduct, *viz.*, that the defendant took a substantial step toward causing the death of the officer by shooting at him with a firearm. *Edwards*, 286 Or App at 109. On that basis, we concluded that the harms risked by the defendant's conduct were identical because the defendant's conduct—shooting at the officer—created a risk that the officer would be struck by a bullet, causing death or physical injury. *Id.*

Here, by contrast, defendant's convictions were not based on the same conduct; rather, the convictions arose from two distinct acts—striking and choking. Defendant was indicted and pleaded guilty to third-degree assault on a theory that requires that defendant caused "physical injury," which is defined as "impairment of physical condition or substantial pain" to a child 10 years old or younger. ORS 163.165(1)(h); ORS 161.015(7). Strangulation requires proof of different conduct: impeding "normal breathing or circulation of the blood." ORS 163.187(1). Although both of those offenses may cause and risk a physical injury, the injury defined by the strangulation offense is qualitatively different and more specific than that caused or risked by third-degree assault.

The evidence before the trial court supported a finding that those two distinct acts—striking B with an open hand and then choking B—caused and risked different injuries and harms to B. Defendant's open-handed strike caused B substantial pain and, on the facts of this case, risked little

more. The conduct underlying the strangulation charge caused an injury that was materially different: defendant's conduct impeded B's ability to breathe, cutting off the circulation of blood to his brain, as well as the additional harm of causing B to be unable to escape from his attacker. The conduct underlying the strangulation charge risked a hypoxic brain injury, which is a different and more serious kind of injury than the physical injury that is typically risked by an open-handed strike, and also created a risk of death that was not present in the assaultive conduct.

In short, the evidence in the record supports a finding that the conduct underlying the two offenses both caused and risked different kinds of injuries and harms. Accordingly, the trial court did not legally err in concluding that consecutive sentences could be imposed under ORS 137.123(5)(b).

In his first assignment of error, defendant argues that the trial court plainly erred when it failed to apply the "shift-to-I" rule because the crimes were committed during the same criminal episode. *See State v. Decleve*, 299 Or App 528, 531, 450 P3d 999 (2019) ("Under the sentencing guidelines, when multiple consecutive sentences are imposed for crimes committed during the same criminal episode, only the primary offense is sentenced based on the offender's true criminal history; the additional offenses are classified under column I as required by OAR 213-012-0020(2)(a)(B)."). The state does not dispute that the trial court plainly erred. *See State v. Monro*, 256 Or App 493, 496-97, 301 P3d 435, *rev den*, 354 Or 148 (2013) (collecting cases). Rather, it contends that the error is not reviewable because of defendant's plea bargain, and that if it is reviewable, we should not exercise our discretion to review the error.

As an initial matter, we reject the state's reviewability contention. In providing that "the sentence should include the following provisions: state will recommend 202 months' prison," and that defendant is "free to argue for less and any programs," the plea agreement contemplates that the parties would be free to argue about the appropriate term of imprisonment. As a result, ORS 138.105(9) does not preclude review of defendant's challenge to the calculation

of that sentence. *See State v. Rusen*, 369 Or 677, 696, 509 P3d 628 (2022) (noting that ORS 138.105(9) "applies to preclude review only of the part of the sentence on which the parties agreed"); *id.* at 694 (observing that the legislature intended to allow appellate review of a claim that the court violated the guidelines in imposing the maximum total sentence that the parties agreed the state could recommend).

Although review of defendant's claim is not precluded by ORS 138.105(9), as the state asserts, we ultimately decline to exercise our discretion to correct the plain error under the circumstances present here. Apart from correcting the PPS term, the trial court imposed identical sentences in the original sentencing proceedings and on remand. Thus, the trial court twice indicated that its intent was to impose the state's recommended 202-month sentence, and it twice structured that sentence by durationally departing to 60 months on Counts 1 and 4 and running those sentences consecutively. In both the original sentencing hearing and the hearing on remand, defendant opted to argue for a shorter sentence on different grounds than the error he advances on appeal. That is, defendant argued in the first sentencing proceeding that he should be eligible for good time, earned time, and transitional programs, and in the sentencing hearing on remand, defendant asserted that the trial court did not have statutory authority to run the sentences consecutively because there was insufficient evidence of a temporal break between them. Thus, because the trial court was never alerted to the applicability of the shift-to-I rule in structuring the 202-month sentence, the purposes of preservation were not otherwise served. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991) (setting out factors relevant to the exercise of discretion to correct plain error, including whether the purposes of preservation were otherwise served and the ends of justice in a particular case).

Affirmed.