Submitted July 28, 2011, in Case No. A141598, reversed and remanded for resentencing, otherwise affirmed; in Case No. A141597, affirmed March 28, petition for review denied October 4, 2012 (352 Or 565)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**HIEU DOAN TRUONG,**
*Defendant-Appellant.*

Marion County Circuit Court
07C50643, 07C55142;
A141597 (Control), A141598

274 P3d 873

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Hieu Doan Truong filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals judgments of conviction in Case Nos. A141597 and A141598, raising two assignments of error. We reject without discussion defendant's *pro se* assignment to the denial of his motion for a mistrial in the consolidated jury trial of both cases. That leaves defendant's assignment of error that pertains only to the judgment in Case No. A141598, in which he was convicted of unlawful delivery of methamphetamine (Count 1), ORS 475.890; unlawful delivery of cocaine (Count 2), ORS 475.880; and felon in possession of a firearm (Count 4), ORS 166.270.[1] He argues that the trial court committed plain error in imposing prison sentences on those convictions that violated the "400-percent rule" in OAR 213-008-0007(3). We agree with defendant and exercise our discretion to correct the court's error. Accordingly, we reverse and remand for resentencing in Case No. A141598 and affirm in Case No. A141597.

The pertinent facts are few. During the sentencing hearing on Case Nos. A141598 and A141597, the state recommended that, for defendant's convictions in Case No. A141598, the court impose the following upward durational departure sentences: a 68-month prison sentence on Count 1; a consecutive 36-month prison sentence on Count 2; and a consecutive 36-month prison sentence on Count 4. The state also recommended that, for defendant's convictions in Case A141597, the court impose an upward durational departure prison sentence of 68 months for defendant's conviction of unlawful delivery of cocaine and a concurrent 180-day prison sentence for his misdemeanor conviction involving the unlawful possession of a firearm. After hearing defendant's arguments about why he should not receive departure sentences, the court concluded:

> "I have adopted the State's recommendation, [defendant]. I have seen [the prosecutor] make offers to you that would have given you the opportunity to have much shorter sentences if you had taken the responsibility for your conduct. And because you have failed to do that, that is also part of the reason that I have sentenced you as I have."

---

[1] Defendant was convicted in Case No. A141597 of unlawful delivery of cocaine, ORS 475.880, and unlawful possession of a firearm, a misdemeanor, ORS 166.250.

The court subsequently entered judgments in the cases imposing the state's recommended sentences.

Defendant contends on appeal that, although he did not raise an objection under the 400-percent rule, OAR 213-008-0007(3),[2] at the sentencing hearing or otherwise, the cumulative prison term imposed in Case No. A141598 plainly violates that rule. The state concedes the error. As we explain below, that concession is well taken.

The 400-percent rule applies to a court's sentencing determination when the court imposes consecutive sentences, including one or more departure sentences. *State v. Langdon*, 330 Or 72, 75, 999 P2d 1127 (2000). Although the rule by its terms limits the length of prison terms that can be imposed for each individual departure sentence that is a part of a series of consecutive sentences, where the record does not disclose whether the trial court would have or did adjust a defendant's individual sentences under the 200-percent rule—OAR 213-012-0020(2)(b)[3]—which works in conjunction with the 400-percent rule, we apply the 400-percent rule to the sum of the consecutive sentences. *State v. Longenecker*, 175 Or App 33, 39 n 4, 27 P3d 509, *rev den*, 332 Or 656 (2001). So applied, the 400-percent rule limits the *total* prison term that a court can impose to 400 percent of the maximum presumptive prison sentence for the primary offense in the case. *Langdon*, 330 Or at 82 n 7.

Here, the court treated Count 1 as the primary offense in Case No. A141598, and, in light of defendant's criminal history of category C, Count 1 carried a maximum presumptive prison sentence of 34 months under grid block

---

[2] OAR 213-008-0007(3) provides, as relevant:

"When a departure sentence is imposed for any individual offense sentenced consecutively, the incarceration term of that departure sentence shall not exceed twice the maximum incarceration term that may be imposed for that offense as provided in OAR 213-012-0020(2)(a) [the 200-percent rule]."

[3] OAR 213-012-0020(2)(b) provides:

"The total incarceration term of the consecutive sentences, including the incarceration term for the primary offense, shall not exceed twice the maximum presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure of the primary sentence except by departure as provided by OAR 213-008-0007."

8-C of the sentencing guidelines. Therefore, under the 400-percent rule, defendant's total prison term in the case could not exceed 400 percent of 34 months, or 136 months. Because the court sentenced defendant to a total prison term of 140 months in the case, it committed plain error in doing so. *See State v. Morgan*, 124 Or App 229, 231, 862 P2d 539 (1993), *rev den*, 319 Or 150 (1994) (concluding that imposition of sentence that violates 400-percent rule is plain error).

Although the state concedes on appeal that the court committed plain error in sentencing defendant, it nonetheless argues that we should not exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 382 n 6, 823 P2d 956 (1991), to correct the error because: (1) the four months of additional prison time that the court erroneously imposed was not a grave error when viewed in light of the cumulative prison term imposed in Case Nos. A141597 and A141598—208 months; (2) defendant did not file a motion under ORS 138.083 to correct the erroneous sentences in the judgment in Case No. A141598; (3) the court could have changed part of defendant's misdemeanor prison sentence in Case No. A141597 from concurrent to consecutive, if defendant had alerted it to its sentencing error, to reach the same cumulative prison term that it had erroneously imposed; and (4) defendant may have made a strategic choice not to alert the court to its error because the court could have made the entire concurrent prison sentence in Case No. A141597 consecutive, resulting in a cumulative prison sentence two months longer than the one that defendant received. Those arguments are unavailing in this case.

As to the state's third argument, although we have decided not to exercise our *Ailes* discretion to correct a court's sentencing error when, based on the record, we were *certain* that the court could lawfully impose the same cumulative sentence and would do so on remand, *State v. Quintero-Martinez*, 220 Or App 497, 503, 188 P3d 350, *rev den*, 345 Or 318 (2008), this case presents a materially different situation. Because we reject defendant's *pro se* assignment of error and, therefore, affirm the judgment in Case No. A141597, the concurrent prison sentence in that case, which is the one that would have to be adjusted by the court to reach the same cumulative prison sentence, cannot be modified when we

remand Case No. A141598 for resentencing. Further, there is no indication in the record that the court would have modified the sentence in that case if it had been given the opportunity to do that. In sentencing defendant, the court merely adopted the state's sentencing recommendations and did not express an independent intention to sentence defendant to a 208-month cumulative prison term for his convictions in the cases without regard to the effect of the 400-percent rule on the state's sentencing recommendation. Therefore, the state's argument that the court could have reached the same cumulative prison sentence by making part of defendant's misdemeanor sentence in Case No. A141597 consecutive is mere speculation.[4]

Despite the fact that defendant's failure to file a motion under ORS 138.083 to correct the erroneous sentences in the judgment counts against his request that we exercise our *Ailes* discretion to correct the court's plain error, *State v. Delgado*, 239 Or App 435, 438-39, 245 P3d 170 (2010), *rev den*, 350 Or 423 (2011), the gravity of the error—an additional four-month prison term—and the other factors pertaining to our discretion outweigh that failure. Hence, we exercise our discretion to correct the plainly erroneous prison sentences imposed by the court in Case A141598.

In Case No. A141598, reversed and remanded for resentencing; otherwise affirmed. In Case No. A141597, affirmed.

---

[4] The speculative basis of that argument also pervades the state's contention that defendant may have made a strategic decision not to alert the court to its sentencing error. Again, there is no indication in the record that the court intended to sentence defendant to a prison term that exceeded the state's recommended sentence, so there is no reason to believe that defendant chose not to raise an objection under the 400-percent rule to avoid the risk of receiving a two-month longer sentence. Further, there is nothing to suggest that defendant was aware of the 400-percent rule violation and chose not to object to it in order to raise the violation as plain error on appeal, which, if corrected, would result in a remand in which the court could not sentence him to the same prison term because he did not raise a sentencing error in Case No. A141597.