Argued and submitted on November 19, 2015; remanded for resentencing, otherwise affirmed July 6, 2017

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAVID CARRILLO, JR.,
*Defendant-Appellant.*

Lane County Circuit Court
201303371; A156954

399 P3d 1040

Erica Herb, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General.

Before DeVore, Presiding Judge, and Garrett, Judge, and Duncan, Judge pro tempore.*

---

* Garrett, J., *vice* Wollheim, S. J.

## DUNCAN, J. pro tempore

Defendant appeals the trial court's judgment convicting and sentencing him for multiple drug offenses. On appeal, defendant asserts that the court committed plain error by imposing consecutive sentences that resulted in a total incarceration term that violated the "200 percent rule," which limits the total incarceration term for consecutive sentences for crimes arising out of the same criminal episode to 200 percent of the maximum presumptive term for the primary offense, except by departure. OAR 213-012-0020(2)(b); *State v. Miller*, 317 Or 297, 305, 855 P2d 1093 (1993) (holding that the 200 percent rule does not apply to convictions arising out of separate criminal episodes); *see also State v. Cuevas*, 358 Or 147, 154, 361 P3d 581 (2015) (adhering to *Miller*). At oral argument, the state conceded that the court erred, that the error is plain, and that it is appropriate for us to exercise our discretion to review the error. We agree with the parties and, therefore, remand for resentencing and otherwise affirm.

Defendant was charged with, and pleaded guilty to, seven drug crimes.[1] As relevant to the issue on appeal, the trial court sentenced defendant to 65 months in prison on Count 1; 36 months in prison on Count 4, to be served consecutively to Count 1; and 36 months in prison on Count 5, to be served consecutively to Count 4. Thus, the court sentenced defendant to a total of 137 months in prison.[2] Defendant did not object to that total on the ground that it violated the 200 percent rule.

On appeal, defendant contends that the trial court plainly erred by imposing a total of 137 months in prison. Defendant asserts, and the state agrees, that defendant's primary offense was Count 1 and that his sentencing grid block on that count was 10H, which carries a presumptive

---

[1] Specifically, defendant was charged with one count of each of the following crimes: unlawful delivery of heroin (Count 1), unlawful possession of heroin (Count 2), unlawful manufacture of heroin (Count 3), unlawful manufacture of methamphetamine (Count 4), unlawful delivery of methamphetamine (Count 5), unlawful manufacture of marijuana (Count 6), and unlawful delivery of marijuana for consideration (Count 7).

[2] The court made the incarceration terms on Counts 2, 3, 6, and 7 concurrent to that on Count 1.

sentence of 61 to 65 months of incarceration. Therefore, the total of the consecutive incarceration terms for crimes arising out of the same criminal episode as Count 1 could not exceed 130 months.

Initially, the parties disagreed about whether, as required for defendant's plain-error argument to succeed, it is apparent on the record that Counts 1, 4, and 5 arose out of the same criminal episode. However, in a memorandum of additional authorities filed after the briefing in this case, defendant pointed out that the prosecutor had informed the trial court at sentencing that the "shift-to-I" rule, OAR 213-012-0020(2)(a), applied to defendant's sentences on Count 2 through 7. Defendant also pointed out that, like the 200 percent rule, the shift-to-I rule applies only when crimes arise out of the same criminal episode. *Orchard v. Mills*, 247 Or App 355, 358, 270 P3d 309 (2011), *rev den*, 352 Or 33 (2012). Thereafter, the state conceded that, on this record, it is apparent that the parties treated all of the counts as arising out of the same criminal episode and, therefore, the appropriate disposition in this case is to remand for resentencing.

We agree with the parties that, on this record, the trial court plainly erred by imposing consecutive sentences that totaled 137 months, when the maximum allowable sentence under the 200 percent rule was 130 months. We also agree that it is appropriate for us to exercise our discretion to correct the error, given its gravity and the ends of justice. *See State v. Truong*, 249 Or App 70, 74-75, 274 P3d 873, *rev den*, 352 Or 565 (2012), *cert den*, 569 US 963, 133 S Ct 2032 (2013) (exercising discretion to correct, as plain error, consecutive sentences that exceeded the maximum under the sentencing guidelines by four months); *State v. Lundstedt*, 139 Or App 111, 114, 911 P2d 349 (1996) (same).

Remanded for resentencing; otherwise affirmed.