Submitted April 30, 2018; remanded for resentencing, otherwise affirmed
September 25, 2019

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ERIC FRANCISCO DECLEVE,
*Defendant-Appellant.*

Lincoln County Circuit Court
972222; A163388

450 P3d 999

Defendant appeals from a judgment of conviction for two counts of rape in the second degree, ORS 163.365, and two counts of delivery of a controlled substance to a minor, ORS 475.906, challenging the sentence imposed after a guilty plea. Specifically, defendant contends that the trial court erred when it failed to apply the "200 percent" rule from OAR 213-012-0020(2)(b) after it applied the "shift-to-I" rule from OAR 213-012-0020(2)(a)(B). Although defendant did not preserve that argument, he contends that the trial court plainly erred and that the Court of Appeals should exercise its discretion to correct that error. *Held*: The trial court plainly erred. The Court of Appeals has repeatedly held that, if a trial court applies the "shift-to-I" rule, it must also apply the "200 percent rule."

Remanded for resentencing; otherwise affirmed.

Thomas O. Branford, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Mooney, Judge.

POWERS, J.

Remanded for resentencing; otherwise affirmed.

**POWERS, J.**

In this criminal case, we address whether a trial court commits plain error when it sentences a defendant using the "shift to I" rule required by OAR 213-012-0020 (2)(a)(B), but neglects to apply the "200 percent rule" in OAR 213-012-0020(2)(b). Defendant asserts that the trial court committed plain error and that we should exercise our discretion to correct the error as we have done in prior similar cases. The state argues that we should decline plain-error review, because the record is not clear that the court should have used the shift-to-I rule in the first place and, had defendant raised the 200-percent rule at sentencing, the parties would have had an opportunity to develop the record further to determine whether those rules applied under the circumstances of this case. As explained below, we agree with defendant's arguments and remand for resentencing.

The pertinent facts are undisputed. In 1997, defendant, who was 24 years old at the time, enticed four young girls who were skipping their middle school classes to come to his home by offering them marijuana. When they arrived at defendant's home, he did not produce any marijuana, and two of the girls left.

Defendant then proceeded to rape both girls, who were 11 and 12 years old at the time. He then produced marijuana, and both girls smoked with him. One of the girls reported the incident the following morning, which triggered an investigation. Defendant was indicted for various offenses and then absconded, even living outside the country at times.

In 2016, defendant pleaded guilty to two counts of second-degree rape and two counts of delivering a controlled substance to a minor. At sentencing, the state argued that the sentences for the second-degree rape convictions should be consecutive, and that the sentences for the delivery convictions should be served concurrently with each other, but consecutive to the rape sentences. Defendant argued that, because the crimes took place in "one criminal episode," the sentences for the delivery convictions should be concurrent with the second-degree rape sentences. Defendant also

asserted that, if the court were to impose the sentences consecutively, then the shift-to-I rule would apply to the delivery convictions.

The trial court sentenced defendant to 75 months' incarceration on each second-degree rape conviction as required by ORS 137.700(2)(a)(L) and ordered one of the rape sentences to be served consecutively to the other.[1] Further, the trial court sentenced defendant on each of the delivery convictions to 18 months' incarceration to be served concurrently with each other, but consecutively to the rape sentences, for a total sentence of 168 months. In so doing, the court applied the shift-to-I rule when it calculated defendant's criminal history score on the delivery convictions. The court did not, however, apply the 200-percent rule, which was not raised by any party at sentencing.

On appeal, defendant argues that the trial court committed plain error by failing to apply the 200-percent rule required by OAR 213-012-0020(2)(b) after it applied the shift-to-I rule required by OAR 213-012-0020(2)(a)(B).[2] Relying on *State v. Longenecker*, 175 Or App 33, 27 P3d 509, *rev den*, 332 Or 656 (2001), and *State v. Skelton*, 153 Or App 580, 957 P2d 585, *rev den*, 327 Or 448 (1998), defendant urges us to exercise our discretion to correct the plain error as we have done in similar cases. The state remonstrates

---

[1] ORS 137.700 has since been amended after defendant committed his crimes. Because those amendments do not affect our analysis, we refer to the current version of the statute.

[2] Although the rule has been amended several times since defendant's conduct, we refer to the current version of OAR 213-012-0020, because the amendments do not affect our analysis. OAR 213-012-0020 provides, in part:

"(2)(a) Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

"(A) The presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure for the primary offense, as defined in OAR 213-003-0001(17); and

"(B) Up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively.

"(b) The total incarceration term of the consecutive sentences, including the incarceration term for the primary offense, shall not exceed twice the maximum presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure of the primary sentence except by departure as provided by OAR 213-008-0007."

that defendant's unpreserved claim is not reviewable as plain error, because, in its view, the trial court was not required to apply either the shift-to-I rule or the 200-percent rule under the facts of this case. The state argues that the two unlawful deliveries were not part of the "same criminal episode" as the two rapes.

To qualify for plain-error review under ORAP 5.45, an error must be: (1) an error of law; (2) obvious and not reasonably in dispute; and (3) apparent on the record without requiring an appellate court to choose among competing inferences. *See, e.g.*, *State v. Vanorum*, 354 Or 614, 629, 317 P3d 889 (2013); *Ailes v. Portland Meadows*, 312 Or 376, 381-82, 823 P2d 956 (1991). If the three-pronged plain-error test has been satisfied, we must then decide whether to exercise our discretion to review the error and explain our reasons for doing so. *Vanorum*, 354 Or at 630 (so stating); *Ailes*, 312 Or at 382 (same).

On the first prong, the parties do not dispute that the trial court's sentencing error, if any, is a legal one. Thus, we begin with the second prong of the plain-error test, *viz.*, whether defendant's claim is obvious and not reasonably in dispute. As explained below, we conclude that defendant's claim of sentencing error meets that part of the plain-error test.

Under the sentencing guidelines, when multiple consecutive sentences are imposed for crimes committed during the same criminal episode, only the primary offense is sentenced based on the offender's true criminal history; the additional offenses are classified under column I as required by OAR 213-012-0020(2)(a)(B). That is the shift-to-column-I rule or shift-to-I rule. *See generally State v. Worth*, 274 Or App 1, 24-26, 360 P3d 536 (2015), *rev den*, 359 Or 667 (2016) (providing overview of the sentencing guidelines and explaining the shift-to-I rule). A different subsection of the same rule—colloquially referred to as the 200-percent rule—generally requires multiple consecutive sentences to be limited to twice the presumptive sentence imposed for the primary offense. OAR 213-012-0020(2)(b); *see also Worth*, 274 Or App at 26 (explaining the 200-percent rule for nondeparture sentences).

Both the shift-to-I rule and the 200-percent rule apply when a sentencing court imposes consecutive sentences on offenses that arise out of the "same criminal episode." *State v. Cuevas*, 358 Or 147, 155, 156 n 8, 361 P3d 581 (2015). A "criminal episode" is "continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective." ORS 131.505(4).

In a long line of cases, we consistently have held that, once a sentencing court applies the shift-to-I rule, the 200-percent rule also applies to a defendant's sentence. *See, e.g.*, *State v. Carrillo*, 286 Or App 642, 644, 399 P3d 1040 (2017) (holding that the trial court committed plain error by not applying the 200-percent rule where the parties treated all of the counts as arising out of the same criminal episode); *Worth*, 274 Or App at 26 ("[A] sentence that comports with the 'shift-to-I' rule, but violates the '200%' rule, must be adjusted to comply with the latter."); *State v. Lepierre*, 235 Or App 391, 395-96, 232 P3d 982 (2010) (reversing sentence where state conceded that consecutive sentence imposed on burglary conviction was subject to 200-percent rule and subject to plain-error review); *see also Skelton*, 153 Or App at 592-93, (concluding that the trial court committed plain error by failing to apply the 400-percent rule, which is now codified at OAR 213-008-0007(3) and limits the maximum incarceration term that may be imposed for all of the consecutive sentences together by departure).

In this case, it is undisputed that the trial court determined that the shift-to-I rule applied to the delivery convictions and that, despite that determination, the trial court did not apply the 200-percent rule. Under that scenario, the sentencing court must finish what it started. Consistent with our prior cases, we conclude that the trial court erred by not applying the 200-percent rule after it determined that the shift-I-rule applied. *See Worth*, 274 Or App at 26 (observing that "a sentence that comports with the 'shift-to-I' rule, but violates the '200%' rule, must be adjusted to comply with the latter"). In short, we conclude that, given the long line of cases correcting this type of

error, defendant's claim readily meets the second prong of the plain-error test requiring the error to be "apparent," *i.e.* obvious and not reasonably in dispute.

Turning to the third prong of the plain-error test— whether the error is apparent on the record—the state argues that the record in this case does not establish that defendant committed the two unlawful delivery offenses as part of the same criminal episode as the two rape offenses. The state contends: "Because [defendant] did not commit the unlawful-delivery offenses until after he had already completed the rapes, it cannot be said that the unlawful-delivery offenses were merely incidental or preparatory to commission of the rape offenses[.]" Thus, in the state's view, because the record does not clearly demonstrate that the trial court had to use the shift-to-I rule in the first place, it is not plain error for the trial court to fail to use the 200-percent rule under these circumstances.

Although the state makes a plausible argument about the application of the shift-to-I rule, the propriety of the trial court's decision in that regard is not before us on appeal. The state did not cross-assign error to the trial court's determination that the shift-to-I rule applied and thus we have no occasion to review that determination. Rather, the question before us is whether it is apparent on this record that the court was required to apply the 200-percent rule once it had already determined the shift-to-I rule applied or whether we have to go outside the record to choose between competing inferences to so conclude. Given that the trial court already determined that the shift-to-I rule applies, there are no competing inferences and the same factual determinations, whether they be explicit or implicit, should have compelled the court to apply the 200-percent rule. As we repeatedly have held, once a trial court determines that the shift-to-I rule applies to a sentence, the 200-percent rule also applies for nondeparture sentences. *See, e.g.*, *Carrillo*, 286 Or App at 644; *Lepierre*, 235 Or App at 395-96. Accordingly, defendant's claim of sentencing error meets the third prong of the plain-error test.

Finally, having concluded that defendant's claim satisfies the three-pronged test for plain-error, we still must

determine whether to exercise our discretion to correct the error. As the Supreme Court has explained:

> "That discretion entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case. Ultimately, a decision to review a plain error is one to be made with the 'utmost caution' because such review undercuts the policies served by the preservation doctrine."

*Vanorum*, 354 Or at 630-31 (citations omitted). Defendant urges us to exercise our discretion just as we have done in prior cases that presented similar sentencing errors, noting that the application of the 200-percent rule in his case would have reduced his sentence by 18 months. *See Longenecker*, 175 Or App at 36 (exercising discretion to correct as plain error sentence that exceeds the maximum); *see also Carrillo*, 286 Or App at 644 (accepting state's concession on failure to apply 200-percent rule and exercising discretion to address claim as one of plain error). The state does not distinguish those cases; rather, it seeks a remand under *former* ORS 138.222(5)(a) (2015), which provided that a remand was required if "the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing."[3] We agree with both parties' arguments.

First, we agree with defendant's argument and, for the same reasons explained in previous cases, exercise our discretion to address defendant's sentencing claim given the gravity of the error and the ends of justice. *See Carrillo*, 286 Or App at 644 (exercising discretion to correct as plain error consecutive sentences that exceeded maximum allowable under the 200-percent rule by seven months); *State v. Truong*, 249 Or App 70, 74-75, 274 P3d 873, *rev den*, 352 Or 565 (2012), *cert den*, 569 US 963 (2013) (exercising discretion

---

[3] *Former* ORS 138.222 (2015) was repealed in 2017 by Senate Bill (SB) 896 (2017). Or Laws 2017, ch 529, § 26. Because the judgment in this case was entered before the January 1, 2018, effective date of SB 896, its provisions do not apply. Or Laws 2017, ch 529, § 28 (providing that SB 896 applies "on appeal from a judgment or order entered by the trial court on or after the effective date of this 2017 Act").

to correct as plain error consecutive sentences that exceeded the maximum by four months). Second, we agree with the state's argument that remand is appropriate under *former* ORS 138.222(5)(a). Because we remand for resentencing, the parties are free to argue to the trial court about the appropriate sentence under the circumstances of the case.

Remanded for resentencing; otherwise affirmed.