No. 499 June 4, 2025 111

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DUSTIN DENNY WILLIAMS,
aka Dustin D. Williams, Dustin Denney Williams,
*Defendant-Appellant.*

Douglas County Circuit Court
22CR17100, 22CR30676, 22CR50518, 23CR33029;
A183619 (Control), A183621, A183622, A183624

Robert B. Johnson, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

In this consolidated appeal, defendant challenges his 22-month sentence on Count 9 for possession of a stolen vehicle (PSV), ORS 819.300, in Case Number 22CR17100.[1] In a single assignment of error, defendant contends that the trial court plainly erred in sentencing him without a presentence investigation report (PSI), and he also argues that the trial court plainly erred in calculating the presumptive sentence for PSV based on defendant's criminal history. For its part, the state concedes that the 22-month sentence for PSV was miscalculated and that it should have been 20 months. The state's concession is well taken. We reverse defendant's sentence and remand for resentencing.

Having reviewed the record and the sentencing requirements of ORS 137.717(1)(b)(A) and (3)(a),[2] we agree with the parties that the correct presumptive sentence for Count 9 in Case Number 22CR17100 was 20 months, and not the 22 months that the trial court imposed. The trial court's legal error is "obvious" and "apparent on the record." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). And we exercise our discretion to correct that error given its gravity and the ends of justice. *See State v. Decleve*, 299 Or App 528, 534, 450 P3d 999 (2019) (exercising discretion to correct an error that caused defendant's sentence of incarceration to be longer than it should have been).

With regard to defendant's argument that the trial court plainly erred in sentencing him without a PSI, we observe that it is not obvious that the requirements to

---

[1] ORS 819.300(1) provides that:

"A person commits the offense of possession of a stolen vehicle if the person possesses any vehicle which the person knows or has reason to believe has been stolen."

[2] ORS 137.717(1)(b)(A) provides that the presumptive sentence for the crime of PSV is 18 months of incarceration if the defendant has one prior conviction for PSV. That presumptive sentence "shall be increased by two months for each previous conviction the person has that" was for PSV and "[w]as not used as a predicate for the presumptive sentence described" under subsection (1)(b). ORS 137.717(3)(a).

In this case, defendant has two prior convictions for PSV. One of those convictions is a predicate for an 18-month presumptive sentence under ORS 137.717(1)(b)(A). The second of those convictions increases that 18-month presumptive sentence to 20 months under ORS 137.717(3)(a).

prove defendant's criminal history under ORS 137.079 were violated in the way that he contends. In any event, even assuming that the trial court did plainly err in sentencing defendant in the absence of a PSI report, we would not exercise our discretion to correct that error. Because the trial court was presented with information concerning defendant's criminal history in the felony sentencing guidelines report and attached criminal history worksheet, neither the gravity of the error nor the ends of justice weigh in favor of exercising discretion to correct any error. *See Vanornum*, 354 Or at 630-31 (setting forth examples of factors that we may consider when "making a prudential call" of whether to review a plain error).

Remanded for resentencing; otherwise affirmed.